Robert L. ADAMS, Jr., et al., Plaintiffs,

United States of America, Plaintiff-Intervenor-Appellant,

v.

Charles F. MATHEWS et al., Defendants-Appellees.

Welton J. CHARLES et al., Plaintiffs-Appellants,

United States of America, Plaintiff-Intervenor-Appellant,

v.

ASCENSION PARISH SCHOOL BOARD et al., Defendants-Appellees.

Yvonne Marie BOYD et al., Plaintiffs-Appellants,

United States of America, Plaintiff-Intervenor-Appellant,

v.

POINTE COUPEE PARISH SCHOOL BOARD et al., Defendants-Appellees.

Lawrence HALL et al., Plaintiffs-Appellants,

United States of America, Plaintiff-Intervenor-Appellant,

v.

ST. HELENA PARISH SCHOOL BOARD et al., Defendants-Appellees.

James WILLIAMS, Jr., et al., Plaintiffs-Appellants,

United States of America, Plaintiff-Intervenor-Appellant,

v.

IBERVILLE PARISH SCHOOL BOARD et al., Defendants-Appellees.

Terry Lynn DUNN et al., Plaintiffs-Appellants,

United States of America, Plaintiff-Intervenor-Appellant,

v.

LIVINGSTON PARISH SCHOOL BOARD et al., Defendants-Appellees.

UNITED STATES of America, Plaintiff-Appellant,

v.

LA SALLE PARISH SCHOOL BOARD et al., Defendants-Appellees.

Virgie Lee VALLEY et al., Plaintiffs,

United States of America, Plaintiff-Intervenor-Appellant,

v.

RAPIDES PARISH SCHOOL BOARD et al., Defendants-Appellees.

UNITED STATES of America, Plaintiff-Appellant,

v.

LINCOLN PARISH SCHOOL BOARD et al., Defendants-Appellees.

UNITED STATES of America, Plaintiff-Appellant,

v.

AVOYELLES PARISH SCHOOL BOARD et al., Defendants-Appellees.

UNITED STATES of America, Plaintiff-Appellant,

v.

DE SOTO PARISH SCHOOL BOARD et al., Defendants-Appellees.

UNITED STATES of America, Plaintiff-Appellant,

v.

GRANT PARISH SCHOOL BOARD et al., Defendants-Appellees.

Beryl N. JONES et al., Plaintiffs,

United States of America, Plaintiff-Intervenor-Appellant,

v.

CADDO PARISH SCHOOL BOARD et al., Defendants-Appellees.

UNITED STATES of America, Plaintiff-Appellant,

v.

BIENVILLE PARISH SCHOOL BOARD et al., Defendants-Appellees.

Ura Bernard LEMON et al., Plaintiffs,

United States of America, Plaintiff-Intervenor-Appellant,

v.

BOSSIER PARISH SCHOOL BOARD et al., Defendants-Appellees.

Yvornia Decarol BANKS et al., Plaintiffs,
United States of America,
Plaintiff-Intervenor-
Appellant,

v.

CLAIBORNE PARISH SCHOOL BOARD
et al., Defendants-Appellees.

Irma J. SMITH, et al., Plaintiffs-
Appellants,
United States of America,
Plaintiff-Intervenor-
Appellant,

v.

CONCORDIA PARISH SCHOOL BOARD
et al., Defendants-Appellees.

Margaret M. JOHNSON et al., Plaintiffs,
United States of America,
Plaintiff-Intervenor-
Appellant,

v.

JACKSON PARISH SCHOOL BOARD
et al., Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

RICHLAND PARISH SCHOOL BOARD
et al., Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

EAST CARROLL PARISH SCHOOL
BOARD et al., Defendants-
Appellees.

UNITED STATES of America,
Plaintiff-Appellant.

v.

HINDS COUNTY BOARD OF EDUCA-
TION et al., Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

SOUTH PIKE COUNTY CONSOLIDAT-
ED SCHOOL DISTRICT et al.,
Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

NORTH PIKE COUNTY CONSOLIDAT-
ED SCHOOL DISTRICT et al.,
Defendants-Appellees.

Dian HUDSON et al., Plaintiffs-
Appellants,
United States of America, Amicus
Curiae-Appellant,

v.

LEAKE COUNTY SCHOOL BOARD
et al., Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

AMITE COUNTY SCHOOL DISTRICT
et al., Defendants-Appellees.

Joan ANDERSON et al., Plaintiffs,
United States of America,
Plaintiff-Intervenor-
Appellant,

v.

CANTON MUNICIPAL SEPARATE
SCHOOL DISTRICT et al.,
Defendants-Appellees.

Joan ANDERSON et al., Plaintiffs-
Appellants,
United States of America,
Plaintiff-Intervenor-
Appellant,

v.

The CANTON MUNICIPAL SEPARATE
SCHOOL DISTRICT et al., and the
Madison County School District et al.,
Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

MARION COUNTY SCHOOL DISTRICT
et al., Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

LAWRENCE COUNTY SCHOOL DIS-
TRICT et al., Defendants-Appellees.

Buford A. LEE et al., Plaintiffs,

v.

UNITED STATES of America et al.,
Defendants-Appellants,

v.

Milton EVANS, Third-Party Defendant-
Appellee.

UNITED STATES of America,
Plaintiff-Appellant,

v.

COVINGTON COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

COLUMBIA MUNICIPAL SEPARATE SCHOOL DISTRICT et al.,
Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

PHILADELPHIA MUNICIPAL SEPARATE SCHOOL DISTRICT et al.,
Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

NOXUBEE COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

NESHOBA COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.

John BARNHARDT et al.,
Plaintiffs-Appellants,

United States of America,
Plaintiff-Intervenor-
Appellant,

v.

MERIDIAN MUNICIPAL SEPARATE SCHOOL DISTRICT et al.,
Defendants-Appellees.

UNITED STATES of America et al.,
Plaintiffs-Appellants,

v.

LAUDERDALE COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.

UNITED STATES of America et al.,
Plaintiffs-Appellants,

v.

KEMPER COUNTY SCHOOL BOARD et al., Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

WILKINSON COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.

Jeremiah BLACKWELL, Jr., et al.,
Plaintiffs-Appellants,

United States of America, Amicus
Curiae-Appellant,

v.

The ANQUILLA LINE CONSOLIDATED SCHOOL DISTRICT et al., and the Sharkey-Issaquena Line Consolidated School District et al., Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

NATCHEZ SPECIAL MUNICIPAL SEPARATE SCHOOL DISTRICT et al.,
Defendants-Appellees.

Donald Jerome THOMAS et al.,
Plaintiffs-Appellants,

v.

WEST BATON ROUGE PARISH SCHOOL BOARD et al.,
Defendants-Appellees.

Beatrice ALEXANDER et al.,
Plaintiffs-Appellants,

v.

HOLMES COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.

Roy Lee HARRIS et al.,
Plaintiffs-Appellants,

v.

The YAZOO COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.

Charles KILLINGSWORTH et al.,
Plaintiffs-Appellants,

v.

The ENTERPRISE CONSOLIDATED SCHOOL DISTRICT et al., the Quitman Consolidated School District et al., and the Clark County Board of Education et al., Defendants-Appellees.

Anson **GRAVES**, a minor, by his father and next friend, Fletcher Graves et al., Plaintiffs-Appellants,

v.

**WALTON COUNTY BOARD OF EDUCATION** et al., Defendants-Appellees.

Nos. 26501–26541, 26544, 26452.

United States Court of Appeals
Fifth Circuit.

Aug. 20, 1968.

As Modified and Clarified on Denial of Rehearing in No. 26452 Sept. 24, 1968.

Stephen Pollack, Asst. Atty. Gen., Dept. of Justice, Civ.Div., Nathan Lewin, John M. Rosenberg, Merle W. Loper, Attys., Dept. of Justice, Washington, D. C., Richard B. Hardee, U. S. Atty., Tyler, Tex., Louis LaCour, U. S. Atty., New Orleans, La., Edward L. Shaheen, U. S. Atty., Shreveport, La., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for appellant the United States in all cases.

Franklin E. White, New York City, Louis R. Lucas, Memphis, Tenn., Jack Greenberg, New York City, A. P. Tureaud, A. M. Trudeau, Jr., New Orleans, La., Reuben V. Anderson, Jackson, Miss., for appellants Hall and others in No. 26504.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Conrad K. Harper, New York City, for appellants Graves and others in No. 26452.

For appellees:

No. 26501—Henry Harbour, Longview, Tex.

No. 26502—Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La., Aubert D. Talbot, Dist. Atty., Napoleonville, La.

No. 26503—Samuel C. Cashio, Dist. Atty., Plaquemine, La., John T. Ward, Jr., Baton Rouge, La.

No. 26504—Thomas McFerrin, Asst. Atty. Gen., Baton Rouge, La., Leonard Yokum, Dist. Atty., Amite, La.

No. 26505—Sam C. Cashio, Dist. Atty., Plaquemine, La., Harry J. Kron, Jr., Thibodeux, La., John F. Ward, Jr., Baton Rouge, La.

No. 26506—Thomas McFerrin, Asst. Atty. Gen., Baton Rouge, La., Leonard Yokum, Dist. Atty., Amite, La.

No. 26507—Lewis R. Sleeth, Dist. Atty., Columbia, La.

No. 26508—Edwin O. Ware, Dist. Atty., Alexandria, La.

No. 26509—Thomas McFerrin, Asst. Atty. Gen., Baton Rouge, La., Regan D. Madden, Dist. Atty., Ruston, La.

No. 26510—Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La.

No. 26511—J. Revel Boone, Dist. Atty., Thomas A. Self, Asst. Dist. Atty., Many, La.

No. 26512—Sam L. Wells, Dist. Atty., Colfax, La.

No. 26513—John A. Richardson, Dist. Atty., Shreveport, La., Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La.

Nos. 26514, 26518—Fred L. Jackson, Dist. Atty., Homer, La.

No. 26515—William P. Schuler, Asst. Atty. Gen., Baton Rouge, La., Louis H. Padgett, Jr., Dist. Atty., Bossier City, La., J. Bennett Johnston, Jr., Shreveport, La.

No. 26516—Fred L. Jackson, Dist. Atty., Homer, La., Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La.

No. 26517—W. C. Falkenheimer, Dist. Atty., Vidalia, La.

No. 26519—E. Rudolph McIntyre, Dist. Atty., Winnsboro, La., William R. Coenen, First Asst. Dist. Atty., Rayville, La.

No. 26520—Thomas L. Clarke, Dist. Atty., St. Joseph, La.

No. 26521—Joe T. Patterson, Atty. Gen., John M. Putnam, Robert C. Cannada, Jackson, Miss.

No. 26522—Robert S. Reeves, Magnolia, Miss.

No. 26523—John G. Roach, Jr., McComb, Miss., Thomas H. Watkins, Jackson, Miss.

No. 26524—Harold W. Davidson, J. E. Smith, Carthage, Miss.

No. 26525—Joe T. Patterson, Atty., Gen., Jackson, Miss., Joe D. Gordon, Sr., Liberty, Miss.

No. 26526—Joseph R. Fancher, Jr., W. S. Cain, Canton, Miss.

No. 26527—Joseph R. Fancher, Jr., W. S. Cain, R. L. Goza, G. Milton Case, Canton, Miss.

No. 26528—Philip Singley, Columbia, Miss.

No. 26529—Cary Bass, Jr., Monticello, Miss.

No. 26530—M. M. Roberts, James H. C. Thomas, Jr., Hattiesburg, Miss.

No. 26531—John Keyes, Collins, Miss.

No. 26532—Robert C. Cannada, Jackson, Miss., Maurice Dantin, Columbia, Miss.

No. 26533—Herman Alford, Philadelphia, Miss.

No. 26534—Ernest L. Brown, Macon, Miss.

No. 26535—Laurel G. Weir, Philadelphia, Miss.

No. 26536—Robert Deen, Jr., William B. Compton, Meridian, Miss.

No. 26537—William B. Compton, Meridian, Miss.

No. 26538—L. P. Spinks, Jr., DeKalb, Miss., Thomas H. Watkins, Jackson, Miss.

No. 26539—Richard K. Watson, Woodville, Miss., Thomas H. Watkins, Jackson, Miss.

No. 26540—Joe T. Patterson, Atty. Gen., Jackson, Miss., Herman Glazier, Jr., Rolling Fork, Miss.

No. 26541—Thomas H. Watkins, Jackson, Miss., R. Brent Foreman, Natchez, Miss.

No. 26544—Thomas McFerrin, Asst. Atty. Gen., Baton Rouge, La., Leonard Yokum, Dist. Atty., Amite, La.

No. 26452—William Lee Preston, Monroe, Ga., Thomas Bentley, Atlanta, Ga.

Before WISDOM, GOLDBERG, and MORGAN, Circuit Judges.

WISDOM, Circuit Judge:

In *Jefferson* [1] this Court read *Brown* [2] to mean that school boards have an "affirmative duty" to reorganize their school districts into a "unitary, non-racial system" [3] and to eradicate all vestiges of the dual system of segregated schools. In *Jefferson* we approved "freedom of choice" plans—if such plans are effective. We recognized, however, that at best freedom of choice plans have "serious shortcomings" [4] and

1. United States v. Jefferson County Board of Education, 5 Cir. 1966, 372 F.2d 836, 847 (Jefferson I), affirmed and adopted en banc with minor clarifications, 380 F.2d 385 (Jefferson II), cert. denied sub nom. Caddo Parish School Board v. United States, 1967, 389 U.S. 840, 88 S.Ct. 67, 19 L.Ed.2d 103.

2. Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (Brown I); 1955, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (Brown II).

3. "The Court holds that boards and officials administering public schools in this circuit have the affirmative duty under the Fourteenth Amendment to bring about an integrated, unitary school system in which there are no Negro schools and

no white schools—just schools. Expressions in our earlier opinions distinguishing between integration and desegregation must yield to this affirmative duty we now recognize. In fulfilling this duty it is not enough for school authorities to offer Negro children the opportunity to attend formerly all-white schools. The necessity of overcoming the effects of the dual school system in this circuit requires integration of faculties, facilities, and activities, as well as students. To the extent that earlier decisions of this Court (more in the language of the opinions, than in the effect of the holdings) conflict with this view, the decisions are overruled." Jefferson II, 380 F.2d at 389.

4. "The method has serious shortcomings. Indeed, the 'slow pace of integration in

are appropriate only as "a means to the end" of complete disestablishment of the former system of de jure segregated schools.[5] We pointed out, *"The only school desegregation plan that meets constitutional standards is one that works".*[6] (Original emphasis.) Recently the Supreme Court has made explicit "the affirmative duty" of school boards today "to come forward with a plan that promises realistically to work, and promises realistically to work now". Green v. County School Board of New Kent County, Virginia, 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716.[7]

In *Green* the Supreme Court found that within "the context of the state-imposed segregated pattern of long standing, the fact that in 1965 the Board opened the doors of the former 'white' school to Negro children and of the 'Negro' school to white children merely begins, not ends, our inquiry whether the Board has taken steps adequate to abolish its dual, segregated system". 391 U.S. at 437, 88 S.Ct. 1694, 20 L.Ed.2d 723. In determining whether the respondent school board met this end that *Brown I* commanded, the Court found that the following circumstances were relevant. (1) The Board did not adopt a freedom-of-choice plan until some ten years after *Brown II* was decided.

(2) In three years of the Board's operating the plan, not a single white student chose to attend the Negro School; 85% of the Negro children in the system still attended the all-Negro school. (3) The plan operated to burden the children and their parents with the responsibility *Brown* placed squarely on the School Board. The Supreme Court stated, "Of course, where other, more promising courses [than freedom of choice] are open to the board, that may indicate a lack of good faith; and at the least it places a heavy burden upon the board to explain its preference for an apparently less effective method." 391 U.S. at 439, 88 S.Ct. at 1695. The Court "required" the Board "to formulate a new plan and, in light of other courses which appear open to the Board, such as zoning, [consolidation of schools, and full faculty and staff desegregation] fashion steps which promise realistically to convert promptly to a system without a 'white' school and a 'Negro' school, but just schools". 391 U.S. at 442, 88 S.Ct. at 1696, 20 L.Ed.2d at 726.

In each of the cases presented in this appeal the plaintiffs filed motions in the district court for further relief, seeking to implement the *Green* decision for the 1968–69 school year and to secure the adoption of desegregation plans based upon geographic zoning, consoli-

the Southern and border States is in large measure attributable to the manner in which free choice plans * * * have operated'. When such plans leave school officials with a broad area of uncontrolled discretion, this method of desegregation is better suited than any other to preserve the essentials of the dual school system while giving paper compliance with the duty to desegregate." Jefferson I, 372 F.2d at 888.

5. "Freedom of choice is not a goal in itself. It is a means to an end. A schoolchild has no inalienable right to choose his school. A freedom of choice plan is but one of the tools available to school officials *at this stage* of the process of converting the dual system of separate schools for Negroes and whites into a unitary system. The governmental objective of this conversion is—educational opportunities on equal terms to all. The

criterion for determining the validity of a provision in a school desegregation plan is whether the provision is reasonably related to accomplishing this objective." (Original emphasis.) Jefferson II, 380 F.2d at 390.

6. Jefferson I, 372 F.2d at 847. "If the [freedom of choice] plan is ineffective, longer on promises than performance, the school officials charged with initiating and administering a unitary system have not met the constitutional requirements of the Fourteenth Amendment; they should try other tools." Jefferson II, 380 F.2d at 390.

7. See also, decided the same day, May 27, 1968, Monroe v. Board of Commissioners of City of Jackson, Tennessee, 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733, and Raney v. Board of Education of Gould School District, 391 U.S. 443, 88 S.Ct. 1697, 20 L.Ed.2d 727.

dation and pairing of schools. In many of the cases the court held no hearing or at least no final hearing on this motion. In none has the district court made findings of fact on the effectiveness or ineffectiveness of the existing school plan "to effectuate a transition to a racially nondiscriminatory school system" [8] in the light of *Green's* teachings. We have concluded that the reviewing court should have the benefit of the district court's findings of fact and conclusions of law. See Acree v. County Board of Education of Richmond County, Georgia, 5 Cir. 1968, 399 F.2d 151. We issue the following order:

## ORDER

These cases are consolidated for purposes of this appeal. The appellants' motions for an injunction pending appeal, for an expedited hearing on appeal, and for a summary reversal are denied.

■ The district court should treat school desegregation cases as entitled to the highest priority and conduct a hearing in each case at the earliest practicable time, no later than November 4, 1968. The court should make findings of fact and state conclusions of law as to (1) whether the school board's existing plan of desegregation is adequate "to convert [the dual system] to a unitary system in which racial discrimination would be eliminated root and branch" [9] and (2) whether the proposed changes will result in a desegregation plan that "promises realistically to work now". An effective plan should produce integration of faculties, staff, facilities, transportation, and school activities (such as athletics) along with integration of students.

■ If in a school district there are still all-Negro schools or only a small fraction of Negroes enrolled in white schools, or no substantial integration of faculties and school activities then, as a matter of law, the existing plan fails to meet constitutional standards as established in *Green*. Boards in such districts are under a duty to take affirmative action toward effective desegregation before the start of the 1968–69 school year or as soon as practicable after the commencement of that year. One alternative to freedom of choice is the assignment of students on the basis of geographic attendance zones. In an attendance zone system (as in a freedom-of-choice system), the school authorities should consider the consolidation of certain schools, pairing of schools, and a majority-to-minority transfer policy as means to the end of disestablishing the dual system. (The school boards of Lafourche and Terrebonne Parishes are good examples of what a board may accomplish when it chooses to comply with its duty to meet the *Green* standards. See Hill v. Lafourche Parish School Board, E.D.La. No. 16167, 291 F.Supp. 819, and Redman v. Terrebonne Parish School Board, E.D.La. No. 15663, 293 F.Supp. 376.)

■ Should the district court in a particular case conclude that the existing freedom-of-choice plan is not working, but that it is not administratively feasible for the board to shift immediately to other alternatives, the court should require the board (1) to take forthwith such steps toward full desegregation *as may be practicable* in the first and second semesters of the 1968–69 school year, and (2) to formulate and submit to the court, by November 28, 1968 a plan to complete the full conversion of the school district to a unitary, nonracial system for the 1969–70 school year. The courts should conduct hearings promptly on the Board's desegregation plans for 1968–69 and 1969–70; and the United States and the private plaintiffs should be permitted to make objections to the proposed plans. The district court should enter an order by such date as will permit effective review in this Court, if review is necessary, of

---

8. Brown II, 349 U.S. at 301, 75 S.Ct. 756, 99 L.Ed. 1106.

9. 391 U.S. at 438, 88 S.Ct. at 1694.

the court-approved actions the Board will institute in the 1968–69 year as well as the 1969–70 year.

On Motion for Rehearing of Order Denying Motion for Summary Reversal or Injunction Pending Appeal
No. 26452.

PER CURIAM:

This case was one of forty-four cases consolidated for purposes of considering the appellants' motions for injunctions pending appeal or, in the alternative, for summary reversals of the district courts' school desegregation decrees. The principal objective of the consolidation was to secure uniformity in the desegregation decrees in the light of *Green v. County School Board of New Kent County, Virginia,* 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716, bearing in mind the primary responsibilities of school boards and district courts. This case differs from the other cases, however, in that the appellants were not seeking further relief in the light of *Green.* Rather they sought relief from school segregation for the first time this year. The Walton County Board of Education had been operating under a freedom-of-choice plan. The complaint, among other objectives, requested that the Board accelerate school desegregation. The district court acted with dispatch. After a full evidentiary hearing, the court entered findings of fact and conclusions of law, and issued a decree requiring the division of the school districts into rigid attendance zones. The decree requires the students within each zone to attend only the school available in the zone in which they reside—except as to students attending the George Washington Carver School. "The plan with respect to [Carver] school is that kindergarten and grades 1, 2, 3, 4, 5, 6, and 7 be completely desegregated instanter, but that grades 8 through 12 remain as a predominantly Negro High School for only one year, 1968–69. Then under the plan beginning with the school year 1969–70 Carver will become a Junior High School only and house only 7th and

8th grade students, white and Negro, in the Monroe attendance area, zone 1. For the upcoming year, beginning August 22, 1968, all of the Carver grades below 8 will be incorporated into the completely desegregated school in the Monroe area, zone 1."

Under the court's decree, therefore, although Carver is now integrated below the eighth grade, the high school and the eighth grade will continue in 1968–69 as all-Negro school. This is a highly unsatisfactory situation which should be cured as promptly as possible and no later than the 1969–70 term.

The district court found that there is "no evidence of gerrymandering for racial or other improper reasons in the drawing of these area lines". The court concluded that: "Considering the plan in its overall aspects and in view of the element of time—the nearness of school opening—this proposed handling of Carver is acceptable. As Dr. Wilson, the County School Superintendent, testified 'High School is quite different from an elementary school administratively. High School scheduling, student scheduling must be done in advance. Students make their schedules out and their programs of study out in advance. Extracurricular activities are scheduled in advance. Football schedules are scheduled two years ahead of time. It is harder to abandon a high school than it is an elementary school.'"

In its opinion of August 20, 1968, this Court noted that, under *Green* (and other cases), a plan that provides for an all-Negro school is unconstitutional. In the circumstances of this case, however, and taking notice of the fact that there are still many all-Negro schools in this circuit, all of which are put on notice that they must be integrated or abandoned by the commencement of the next school-year, we consider it unnecessary to grant the appellant's motion for a summary reversal. Instead, we modify our opinion and order to clarify our position with respect to Carver High School.

■ The school year in Walton County commenced Friday, August 23,

1968. The district court found that it was too close to commencement of the school year to effect complete desegregation of Carver for 1968–69 term. But it is not too late for the board to come forward promptly—as contemplated in our earlier order—with measures that will effect partial desegregation now and to propose other measures at the commencement of the second semester of this school year. To this timely end the Board should take appropriate action which, without unduly disrupting the administration of the school system, will end the racial isolation of Carver High School and erase the operation and image of Carver as an all-Negro school. Not mandated by this opinion but suggested to achieve this interim result are the following:

(a) Liberal majority-to-minority transfer policies, notwithstanding the existence of zones;

(b) Principal, faculty, and staff desegregation; and

(c) Desegregation of athletic activities to allow Negro athletes from Carver to participate with white athletes from other schools.

The petition for rehearing is denied. The Court's opinion of August 20, 1968, is modified and clarified to the extent set forth herein.