Joyce Marie MOORE, Jerry Moore, and Thelma Louise Moore, Minors, by their Father and Next Friend, M. C. Moore; Bennie Smith, Charles Edward Smith, Shirley Ann Smith, and Earline Smith, Minors, by their Father and Next Friend, Henry Smith, Plaintiffs,

v.

TANGIPAHOA PARISH SCHOOL BOARD, a Corporation, C. B. Sledge, President, and Dewitt Sauls, Superintendent, Defendants.

Civ. A. No. 15556.

United States District Court
E. D. Louisiana,
New Orleans Division.
March 25, 1969.

Franklin E. White, New York City, A. P. Tureaud, New Orleans, La., for plaintiffs.

John Ward, Baton Rouge, La., Leonard E. Yokum, Hammond, La., for defendants.

RUBIN, District Judge:

The Tangipahoa Parish School Board seeks an extension of time in which to comply with an order entered on February 7, 1969, directing it to comply with a prior order, dated January 29, 1969, in which the Board was ordered to review a plan prepared for the unitary operation of the Tangipahoa Parish School System by the Educational Resource Center on School Desegregation, and to submit any objections, modifications or alternatives it might have to the plan.

The basic order in the present current of litigation was entered on October 15, 1968, 298 F.Supp. 283. At that time, the Board was directed to submit to the court a plan for the unitary operation of the Tangipahoa Parish Schools for the 1969–70 school year. When the Board informed the court that it was "unable to come forward with any better plan than that now in operation," the court on November 26, 1968, appointed the Educational Resource Center on School Desegregation to prepare a plan. 298 F.Supp. 285.

Since October 15, 1968, therefore, the Tangipahoa Parish School Board has known that it must devise a plan for the operation of its schools that meets the requirements of the Constitution of the United States, as most recently discussed by the United States Supreme Court in Green v. County School Board of New Kent County, Va., 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716, and the standards applied by the Fifth Circuit Court of Appeals consistently and emphatically in Henry v. Clarksdale Municipal Separate School District, 5 Cir., March 6, 1969, 409 F.2d 682; United States v. Greenwood Municipal Separate School District, 5 Cir., February 4, 1969, 406 F.2d 1086; Graves v. Walton County Board of Education, 5 Cir., September 24, 1968, 403 F.2d 181; Adams v. Mathews, 5 Cir., August 20, 1968, 403 F.2d 181.

In oral argument, the School Board suggests that, after hearing other cases now pending before it, the Fifth Circuit may conceivably change the rule so clearly set forth in these decisions, and that the Board should be relieved of planning any change in the operation of its schools for the 1969–70 school year until after the pending cases are decided. But school desegregation litigation in

this circuit has been continuous for the past. 15 years, and the end is not yet in sight. Delay for a pending decision today will invite delay for a review of that decision tomorrow. Meanwhile schools must be operated.

There is no time for further delay in school planning for the next year. The summer recess will soon be here. It must be determined what schools students will attend next year. Teacher contracts and teacher assignments must be made. Bus schedules must be planned. Last year in a hearing held on August 14, 1968, the Tangipahoa Parish School Board pleaded before this court that it was then too late to accomplish changes in school administration for the ensuing year, and that chaos would result if major changes in the school system for the next year were made so close to the reopening of schools.

The problems suggested in 1968 can be avoided if plans are promptly made for the 1969–70 school year. The Educational Resource Center for School Desegregation has now prepared a proposed plan. The Tangipahoa Parish School Board has had it available for study since January 27, 1969. The Board can perform the duty it owes its own citizens by preparing a better plan or by offering constructive suggestions for the improvement of the Center's plan. No harm can come to the children, the teachers, the parents, or the school system of Tangipahoa Parish from the forthright consideration by the School Board of its constitutional duties.

It is the duty of the School Board to provide the best possible school system for the students who attend the schools of its Parish. This court desires neither to impede nor obstruct that objective. Indeed, to the extent that it is within this court's power, it will assist in any possible educational improvement. But education must be provided in Tangipahoa Parish, as elsewhere in this state and nation, in conformity with constitutional requirements.

The motion for an extension is therefore denied.