Anson GRAVES, etc., et al., Plaintiffs-
Appellants,

v.

WALTON COUNTY BOARD OF EDU-
CATION et al., Defendants-
Appellees.

No. 26651.

United States Court of Appeals
Fifth Circuit.

April 11, 1969.

Howard Moore, Jr., Peter E. Rinds-
kopf, Atlanta, Ga., Jack Greenberg, Con-
rad K. Harper, New York City, for plain-
tiffs-appellants.

William Preston, Preston & Benton,
Monroe, Ga., for defendants-appellees.

Before RIVES, BELL and DYER, Cir-
cuit Judges.

PER CURIAM:

This appeal is from a district court
school desegregation judgment.[1] Coun-
sel for the appellants stipulated at oral
argument that the only question before
this panel is whether the district court
erred in failing to include in its decree an
order for periodic demographic surveys
of Walton County. We think the district
court was correct and we affirm its
judgment.

Appellants argue simply that the insti-
tuting of zoning as the basic desegrega-
tion plan necessitates periodic surveying
of the attendance areas. Although sur-
veys may well be appropriate in cases in-
volving the transition to zoning in urban
areas when subtle gerrymandering might
go unchecked, that situation is simply not
present in Walton County.[2] Judge Bootle

1. Appellants, a group of Negro students
and parents, appealed from an earlier de-
cree in the same case on several grounds.
That appeal was consolidated with 43 sim-
ilar controversies and relief was generally
denied in an opinion issued *sub nom*
Adams v. Mathews, 403 F.2d 181. A pe-
tition for rehearing was denied in an opin-
ion which nevertheless ordered some fur-
ther relief for appellants. 403 F.2d at
189–190. (*per curiam*). These prior
court opinions did not face the question
presented by the appeal *sub judice*, and
we note that our decision on this appeal
in no way affects the duties of the school
board under this Court's prior decisions.

2. The district court's decree provides that:
"The primary concern is that attendance
zone lines be drawn on a non-racial basis
and to this end the County Board and
the City Board will conduct surveys and
make required reports to the Court."
Graves v. Walton County Board of Edu-
cation, M.D.Ga.1968, 300 F.Supp. 188
[C.A. #681, July 29–30, 1968]. What
appellants seek here is a series of sys-
tematic surveys with a view to protection
against resegregation due to population
shifts. They rely upon this Court's in-
clusion of such surveys in the decree in
Davis v. Board of School Commissioners
of Mobile County, 5 Cir. 1968, 393 F.2d

found that "[t]here is no evidence of any gerrymandering for racial or other improper reasons in the drawing of these lines. All evidence indicates that they were drawn solely for legitimate educational reasons." Graves v. Walton County Board of Education, M.D.Ga.1968, 300 F.Supp. 188 [C.A. #681, July 29–30, 1968, p. 195]. Appellants have not seriously challenged this finding, and we see no reason to hold that the district court abused its discretion in not requiring periodic surveys. The question may be again presented if population growth or other changed circumstances indicate a necessity for such surveys. The judgment is

Affirmed.

690, 698. *Davis*, however, involved a self-sufficient urban area where people have great mobility. Walton County, with its school-age population of under 6,000, is a rural area where housing patterns are un-

likely to change radically. In any event, unlawful gerrymandering would be readily detectable under present circumstances in Walton County without the need for periodic surveys.