**Anson GRAVES, a minor, by his father and next friend, Fletcher Graves, et al., Plaintiffs-Appellants,**

v.

**WALTON COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.**

**No. 26452.**

United States Court of Appeals
Fifth Circuit.

April 11, 1969.

Rehearing Denied and Rehearing En Banc Denied June 5, 1969.

Howard Moore, Jr., Peter E. Rindskopf, Ward, Moore & Alexander, Atlanta, Ga., Conrad K. Harper, Jack Greenberg, New York City, for plaintiffs-appellants.

William Lee Preston, Preston & Benton, Monroe, Ga., Thomas Bentley, Atlanta, Ga., for defendants-appellees.

Before RIVES, BELL and DYER, Circuit Judges.

**1154**

RIVES, Circuit Judge:

This appeal is from a judgment which denied injunctive and monetary relief to appellants, two school teachers formerly employed by an appellee, the Walton County Board of Education.[1]

On Monday, January 22, 1968, several parents appeared at their children's school, the Social Circle Training School, in order to discuss claimed grievances stemming from allegedly poor conditions at the school, an all-Negro facility with the exception of one white faculty member (who has since resigned). Present at the ensuing discussion, which occurred during school hours, were appellants, the principal, and two representatives from Superintendent Garfield Wilson's office. The meeting eventually resulted in a deadlock and broke up. Later that day, Wilson's assistant, Mrs. Henderson, called Wilson to inform him of the day's events. On the morning of January 23, 1969, Wilson traveled to the school and summoned Miss Hill from her classroom in order to question her about the preceding day's events. Following a 30–45 minute conversation, he asked her to return to her classroom. The Superintendent testified that "she had given me no indication that she wanted to be out of the classroom at that time." However, as Miss Hill left the office, the parents and two other teachers appeared at the door and demanded to speak with the Superintendent. Wilson agreed to talk with the parents, but ordered the teachers to return to their classrooms. Upon demands by both parents and teachers that the teachers be allowed to stay, Wilson repeated his instructions to return

to the classrooms so that the children would not remain alone. Following further disobedience of direct and individual instructions to return to their teaching stations, Wilson suspended the teachers from their positions. Later that day formal letters of suspension were sent to appellants. These letters grounded the suspensions on "nonperformance of duty" and indicated that a hearing would be held on February 13, 1968. Appellants filed their complaint for injunctive relief on February 8, 1968, and amended it to include monetary relief on May 3, 1968. Following a full trial, the district court entered complete findings of fact and conclusions of law and entered judgment for the appellees. We are informed by appellees' brief that the formal hearing scheduled for February was held on June 11, 1968, at which time the suspensions were made final.

Appellants seek reversal of the district court's judgment on two grounds. First, they argue that the fact-findings of the district court are clearly erroneous under Rule 52, Fed.R.Civ.P., 28 U.S.C.

■■ The district court found:

"Against these legal principles we measure the plaintiffs' case. The complaint, that is the pleading, alleges a case which, if proved, would entitle teachers Hill and Norris to relief. The allegation is, in substance, that they were suspended simply because they insist upon exercising free speech in regard to racial matters. Their case fails completely, however, in the matter of proof. The court finds that they were suspended not because they protested or desired to protest further,

---

1. The original complaint filed by appellants, together with Negro students and parents, alleged three causes of action. One cause related to the desegregation of the county school system. The district judge did not rule on that claim in the judgment *sub judice*. His later ruling was appealed to this Court by the complainants and relief was denied *sub nom* Adams v. Mathews, 5 Cir. 1968, 403 F.2d 181, rehearing denied, 403 F.2d at 189–190 (per curiam). Additional relief was denied in a companion appeal to the

present one. Graves v. Walton County Board of Education, 5 Cir. 1969, 410 F.2d 1152. A second cause concerned alleged efforts by local law officers to frustrate the school desegregation efforts of complainants. No appeal has been taken from this portion of the district court's judgment. The third cause, which is the subject of this appeal, concerns the suspension of appellants Hill and Norris from their jobs as teachers in the Walton County System.

but because they left their classrooms during teaching hours and moreover firmly refused to return at the direct instruction of Superintendent Wilson. Schools cannot be conducted without someone being in charge. Teachers cannot be permitted to neglect teaching at will."

The clearly erroneous standard for appellate fact review is a strict one, and this 428-page record clearly substantiates the findings of the district court. Appellants claim that since Superintendent Wilson called Miss Hill out of the classroom, he is somehow estopped from arguing "nonperformance of duty." The district court's findings, however, make it clear that nonperformance was not grounded on mere absence from teaching stations. Rather, it was grounded on a firm refusal "to return at the direct instruction of Superintendent Wilson." The testimony is clear on this point, and appellants' Rule 52 argument must fail.

■ Second, appellants argue that, notwithstanding the finding that the teachers were dismissed for nonperformance, the district court did not give due consideration to the abridgement of appellants' First Amendment rights. This argument, however, must also fail in the face of clear and repeated interpretations of First Amendment rights by the Supreme Court.[2] Mr. Justice Black, in his concurring opinion in Gregory v. City of Chicago, 1969, 394 U.S. 111, 89 S.Ct. 946, 22 L.Ed.2d 134 recently restated the cardinal rule that:

"Were the authority of government so trifling as to permit anyone with a complaint to have the vast power to do anything he pleased, wherever he pleased, and whenever he pleased, our customs and our habits of conduct, social, political, economic, ethical and

religious, would all be wiped out, and become no more than relics of a gone but not forgotten past."

In this case it is clear that appellants' ability to make known their views *at a certain time and in a certain place* was nullified by Wilson's actions. But the record does not show that Wilson substantially impaired or made ineffective the rights of these appellants to make their views known at any other time. Since there is no indication that schooltime hours are the sole critical time in the school system's decision-making process, it cannot be said that appellants suffered a violation of their rights of free speech. At worst, this was a mere postponement of appellants' rights to a more appropriate, and not less effective, moment. Moreover, Wilson's orders were aimed at and had the effect of regulating conduct, not stemming speech. Any holding to the contrary under this set of facts might tend to unduly undermine the school Superintendent's legitimate authority to regulate teacher conduct.

We hold that the district court, having given due regard to appellants' First Amendment rights, did not err in rendering judgment for the appellees. The judgment is

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

2. See Cox v. Louisiana, 1965, 379 U.S. 536, 554, 85 S.Ct. 453, 13 L.Ed.2d 471.