417 F.2d 852
 UNITED STATES of America, Plaintiff-Appellant,
v.
HINDS COUNTY SCHOOL BOARD et al., Defendants-Appellees.
(Civil Action No. 4075(J))
Buford A. LEE et al., Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant, v. Milton
EVANS, Third-PartyDefendant-Appellee.
(Civil Action No. 2034(H))
UNITED STATES of America, Plaintiff-Appellant,
v.
KEMPER COUNTY SCHOOL BOARD et al., Defendants-Appellees.
(Civil Action No. 1373(E))
UNITED STATES of America, Plaintiff-Appellant,
v.
NORTH PIKE COUNTY CONSOLIDATED SCHOOL DISTRICT et al.,
Defendants-Appellees.
(Civil Action No. 3807(J))
UNITED STATES of America, Plaintiff-Appellant,
v.
NATCHEZ SPECIAL MUNICIPAL SEPARATE SCHOOL DISTRICT et al.,
Defendants-Appellees.
(Civil Action No. 1120(W))
UNITED STATES of America, Plaintiff-Appellant,
v.
MARION COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.
(Civil Action No. 2178(H))
Joan ANDERSON et al., Plaintiffs-Appellants, United States
of America, Plaintiff-Intervenor-Appellant,
v.
The CANTON MUNICIPAL SCHOOL DISTRICT et al. and the Madison
County SchoolDistrict et al., Defendants-Appellees.
(Civil Action No. 3700(J))
UNITED STATES of America, Plaintiff-Appellant,
v.
SOUTH PIKE COUNTY CONSOLIDATED SCHOOL DISTRICT et al.,
Defendants-Appellees.
(Civil Action No. 3984(J))
Beatrice ALEXANDER et al., Plaintiffs-Appellants,
v.
HOLMES COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.
(Civil Action No. 3779(J))
Roy Lee HARRIS et al., Plaintiffs-Appellants,
v.
The YAZOO COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.
(Civil Action No. 1209(W))
John BARNHARDT et al., Plaintiffs-Appellants,
v.
MERIDIAN SEPARATE SCHOOL DISTRICT et al., Defendants-Appellees.
(Civil Action No. 1300(E))
UNITED STATES of America, Plaintiff-Appellant,
v.
NESHOBA COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.
(Civil Action No. 1396(E))
UNITED STATES of America, Plaintiff-Appellant,
v.
NOXUBEE COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.
(Civil Action No. 1372(E))
UNITED STATES of America, Plaintiff-Appellant,
v.
LAUDERDALE COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.
(Civil Action No. 1367(E))
Dian HUDSON et al., Plaintiffs-Appellants, United States of
America,Plaintiff-Intervenor-Appellant,
v.
LEAKE COUNTY SCHOOL BOARD et al., Defendants-Appellees.
(Civil Action No. 3382(J))
UNITED STATES of America, Plaintiff-Appellant,
v.
COLUMBIA MUNICIPAL SEPARATE SCHOOL et al., Plaintiff-Appellant.
(Civil Action No. 2199(H))
UNITED STATES of America, Plaintiff-Appellant,
v.
AMITE COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.
(Civil Action No. 3983(J))
UNITED STATES of America, Plaintiff-Appellant,
v.
COVINGTON COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.
(Civil Action No. 2148(H))
UNITED STATES of America, Plaintiff-Appellant,
v.
LAWRENCE COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.
(Civil Action No. 2216(H))
Jeremiah BLACKWELL, Jr., et al., Plaintiffs-Appellants,
v.
ISSAQUENA COUNTY BOARD OF EDUCATION et al., Defendants-Appellees.
(Civil Action No. 1096(W))
UNITED STATES of America, Plaintiff-Appellant,
v.
WILKINSON COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.
(Civil Action No. 1160(W))
Charles KILLINGSWORTH et al., Plaintiffs-Appellants,
v.
The ENTERPRISE CONSOLIDATED SCHOOL DISTRICT and Quitman
Consolidated SchoolDistrict, Defendants-Appellees.
(Civil Action No. 1302(E))
UNITED STATES of America, Plaintiff-Appellant,
v.
LINCOLN COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.
(Civil Action No. 4294(J))
UNITED STATES of America, Plaintiff-Appellant,
v.
PHILADELPHIA MUNICIPAL SEPARATE SCHOOL DISTRICT et al.,
Defendants-Appellees.
(Civil Action No. 1368(E))
UNITED STATES of America, Plaintiff-Appellant,
v.
FRANKLIN COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.
(Civil Action No. 4256(J))
 Nos. 28030, 28042.
 United States Court of Appeals Fifth Circuit.
 July 3, 1969, Rehearing Denied and Rehearing En Banc Denied
Oct. 9, 1969, Certiorari Denied Jan. 14, 1970, See
90 S.Ct. 612.
 
 David D. Gregory, Atty., U.S. Dept. of Justice, Washington, D.C., Robert Hauberg, U.S. Atty., Jackson, Miss., David L. Norman, Deputy Asst. Atty. Gen., Robert T. Moore, Robert A. Murphy, U.S. Dept. of Justice, Civil Rights Div., Washington, D.C., Reuben V. Anderson, Fred L. Banks, Jr., Melvyn Leventhal, Jackson, Miss., Norman Chachkin, Jack Greenberg, Jonathan Shapiro, New York City, for appellant.
 Robert C. Cannada, John M. Putnam, Jackson, Miss., M. M. Roberts, James H. C. Thomas, Jr., Howard L. Patterson, Jr., Hattiesburg, Miss., Thomas H. Watkins, Jackson, Miss., L. P. Spinks, Jr., DeKalb, Miss., John Gordon Roach, McComb, Miss., R. Brent Forman, Natchez, Miss., Richard D. Foxworth, Philip Singley, Columbia, Miss., Robert Goza, W. S. Cain, Joe R. Fancher, Jr., Canton, Miss., Aubrey A. Calhoun, Mt. Olive, Miss., Robert S. Reeves, McComb, Miss., Thad Leggett, III, Magnolia, Miss., William B. Compton, Robert B. Deen, Jr., Meridian, Miss., Herman Alford, Laurel G. Weir, Philadelphia, Miss., Ernest L. Brown, Macon, Miss., Harold W. Davidson, Carthage, Miss., Maurice Dantin and Wm. C. Callender, Columbia, Miss., J. D. Gordon, Liberty, Miss., William D. Adams, John K. Keyes, Collins, Miss., Cary C. Bass, Jr., Monticello, Miss., A. F. Summer, Atty. Gen. of Miss., Jackson, Miss., Charles Clark, Cox, Dunn & Clark, Reuben Anderson, Jackson, Miss., Herman C. Glazier, Jr., J. Wesley Miller, Rolling Fork, Miss., Richard T. Watson, Woodville, Miss., Henry W. Hobbs, Jr., Brookhaven, Miss., Charles H. Herring, Meadville, Miss., Calvin R. King, Durant, Miss., G. Milton Case, Canton, Miss., Thomas H. Campbell, Jr., Walter R. Bridgforth, John C. Satterfield, Yazoo City, Miss., James S. George, Monticello, Miss., Will S. Wells, Asst. Atty. Gen., Jackson, Miss., J. E. Smith, Carthage, Miss, Helen McDade, Dekalb, Miss., Robert E. Covington, Tally D. Riddell, Quitman, Miss., W. W. Hewitt, Meadville, Miss., for appellees.
 Before JOHN R. BROWN, Chief Judge and THORNBERRY and MORGAN, Circuit judges.
 PER CURIAM:
 
 
 1
 As questions of time present such urgency as we approach the beginning of the new school year September 1969-70, the court requested in advance of argument that the parties submit proposed opinion-orders modeled after some of our recent school desegregation cases. We have drawn freely upon these proposed opinion-orders.
 
 
 2
 These are twenty-five school desegregation cases in a consolidated appeal from an en banc decision of the U.S. District Court for the Southern District of Mississippi. These cases present a common issue: whether the District Court erred in approving the continued use by these school districts of freedom of choice plans as a method for the disestablishment of the dual school systems.
 
 
 3
 The plaintiffs' position is that the District Court erred in failing to apply the principles announced in recent decisions of the Supreme Court and of this Court.
 
 
 4
 These same school districts, along with others, were before this Court last year in Adams v. Mathews, 403 F.2d 181 (5th Cir., 1968). The cases were there remanded with instructions that the district courts determine:
 
 
 5
 (1) whether the school board's existing plan of desegregation is adequate 'to convert (the dual system) to a unitary system in which racial discrimination would be eliminated root and branch' and (2) whether the proposed changes will result in a desegregation plan that 'promises realistically to work now.'
 
 
 6
 403 F.2d at 188. In determining whether freedom of choice would be acceptable, the following standards were to be applied:
 
 
 7
 If in a school district there are still all-Negro schools or only a small fraction of Negroes enrolled in white schools, or no substantial integration of faculties and school activities, then, as a matter of law, the existing plan fails to meet constitutional standards as established in Green.
 
 
 8
 Ibid.
 
 
 9
 In all pertinent respects, the facts in these cases are similar. No white students have ever attended any traditionally Negro school in any of the school districts. Every district thus continues to operate and maintain its all-Negro schools. The record compels the conclusion that to eliminate the dual character of these schools alternative methods of desegregation must be employed which would include such methods as zoning and pairing.
 
 
 10
 Not only has there been no cross-over of white students to Negro schools, but only a small fraction of Negro students have enrolled in the white schools. The highest percentage is in the Enterprise Consolidated School District, which has 16 percent of its Negro students enrolled in white schools-- a degree of desegregation held to be inadequate in Green v. County School Board, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968). The statistics in the remaining districts range from a high of 10.6 percent in Forrest County to a low of 0.0 percent in Neshoba and Lincoln Counties. The projected enrollment statistics for the 1969-1970 school year show little improvement.[1] For the most part school activities also continue to be segregated. Although Negroes attending predominantly white schools do participate on teams of such schools in athletic contests, in none of the districts do white and all-Negro schools compete in athletics.
 
 
 11
 These facts indicate that these cases fall squarely within the decisions of the Supreme Court in Green and its companion cases and the decisions of this Court. See United States v. Greenwood Municipal Separate School District, 406 F.2d 1086 (5th Cir. 1969); Henry v. Clarksdale Municipal Separate School District, 409 F.2d 682 (5th Cir., 1969); United States v. Indianola Municipal Separate School District, 410 F.2d 626 (5th Cir., 1969); Anthony v. Marshall County Board of Education, 409 F.2d 1287 (5th Cir., 1969); Hall v. St. Helena Parish School Board, 417 F.2d 801 (5th Cir., May 28, 1969); Davis v. Board of School Commissioners of Mobile County, 414 F.2d 69 (5th Cir., June 3, 1969); United States v. Jefferson County Board of Education, 417 F.2d 834 (5th Cir., June 26, 1969); United States v. Choctaw County Board of Education, 5 Cir. 1969, 417 F.2d 838 (July 1, 1969); United States by John Mitchell v. Board of Education of Baldwin County, 5 Cir. 1969, 417 F.2d 848 (July 1, 1969); United States v. Board of Education of the City of Bessemer, 5 Cir. 1969, 417 F.2d 846 (July 1, 1969). The proper conclusion to be drawn from these facts is clear from the mandate of Adams v. Mathews, supra: 'as a matter of law, the existing plan fails to meet constitutional standards as established in Green.'
 
 
 12
 We hold that these school districts will no longer be able to rely on freedom of choice as the method for disestablishing their dual school systems.
 
 
 13
 This may mean that the tasks for the courts will become more difficult. The District Court itself has stated that it 'does not possess any of the training or skill or experience or facilities to operate any kind of schools; and unhesitatingly admits to its utter incompetence to exercise or exert any helpful power or authority in that area.' And this Court has observed that judges 'are not educators or school administrators.' United States v. Jefferson County Board of Education, supra, 417 F.2d at 834. Accordingly, we deem it appropriate for the Court to require these school boards to enlist the assistance of experts in education as well as desegregation; and to require the school boards to cooperate with them in the disestablishment of their dual school systems.
 
 
 14
 With respect to faculty desegregation, little progress has been made.[2] Although Natchez-Municipal Separate District has a level of 19.2% And Lawrence County a level of 10.6%, seven school districts have less than one full-time teacher per school assigned across racial lines. In the remaining systems, less than 10 percent of the full-time faculties teach in schools in which their race is in the minority. Faculties must be integrated. United States v. Montgomery County Board of Education, 393 U.S. 1116, 89 S.Ct. 989, 22 L.Ed.2d 121 (1969). Minimum standards should be established for making substantial progress toward this goal in 1969 and finishing the job by 1970. United States v. Board of Education of the City of Bessemer, 5 Cir., 1968, 396 F.2d 44; Choctaw County, supra; Baldwin County, supra.
 
 
 15
 The Court on the motion to summarily reverse or alternatively to expedite submission of the case filed by the Government and the private plaintiffs concluded that fundamental constitutional rights of many persons would be jeopardized, if not lost, if this Court routinely calendared this case for briefing and argument in the regular course. Before we could ever hear it, the opening of the school year September 1969-1970 would have gone by. With this and the total absence of any new issue even resembling a constitutional issue in this much litigated field, we therefore concluded that the appeals should be expedited. Full arguments were had and representatives from every District were heard from. In the course of these arguments, several contentions were made as to which we make these additional specific comments.
 
 
 16
 Based upon opinion surveys conducted by presumably competent sampling experts, testimony of school administrators, board members, and educational experts, the School Districts urged, and the District Court found in effect, that the failure of a single white student to attend an all-Negro school was due to the provisions of our Jefferson decree which in effect prohibited school authorities from influencing the exercise of choice by students or parents. We find this completely unsupported. This record affords no basis for any expectation of any substantial change were the provision modified.
 
 
 17
 Based upon similar testimony, the School Districts urged a related contention that the uncontradicted statistics showing only slight integration are not a reliable indicator of the commands of Green. This argument rests on the assertion that quite apart from a prior dual race school system, there would be concentration of Negroes or white persons from what was described as 'polarization.' To bolster this, they pointed to school statistics in non-southern communities. Statistics are not, of course, the whole answer, but nothing is as emphatic as zero, and in the face of slight numbers and low percentages of Negroes attending white schools, and no whites attending Negro schools, we find this argument unimpressive.
 
 
 18
 In the same vein is the contention similarly based on surveys and opinion testimony of educators that on stated percentages (e.g., 20%, 30%, 70%, etc.), integration of Negroes (either from influx of Negroes into white schools or whites into Negro schools), there will be an exodus of white students up to the point of almost 100% Negro schools. This, like community response or hostility or scholastic achievement disparities, is but a repetition of contentions long since rejected in Cooper v. Aaron, 1958, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5; Stell v. Savannah-Chatham County Bd. of Ed., 5 Cir., 1964, 333 F.2d 55, 61; and United States v. Jefferson County Bd. of Ed., 5 Cir., 1969, 417 F.2d 834 (June 26, 1969).
 
 
 19
 The order of the District Court in each case is reversed and the cases are remanded to the District Court with the following direction:
 
 
 20
 1. These cases shall receive the highest priority.
 
 
 21
 2. The District Court shall forthwith request that educators from the Office of Education of the United States Department of Health, Education and Welfare collaborate with the defendant school boards in the preparation of plans to disestablish the dual school systems in question. The disestablishment plans shall be directed to student and faculty assignment, school bus routes if transportation is provided, all facilities, all athletic and other school activities, and all school location and construction activities. The District Court shall further require the school boards to make available to the Office of Education or its designees all requested information relating to the operation of the school systems.
 
 
 22
 3. The board, in conjunction with the Office of Education, shall develop and present to the District Court before August 11, 1969, an acceptable plan of desegregation.
 
 
 23
 4. If the Office of Education and a school board agree upon a plan of desegregation, it shall be presented to the District Court on or before August 11, 1969. The court shall approve such plan for implementation commencing with the 1969 school year, unless within seven days after submission to the court any party files any objection or proposed amendment thereto alleging that the plan, or any part thereof, does not conform to constitutional standards.
 
 
 24
 5. If no agreement is reached, the Office of Education shall present its proposal to the District Court on or before August 11, 1969. The Court shall approve such plan for implementation commencing with the 1969 school year, unless within seven days a party makes proper showing that the plan or any part thereof does not conform to constitutional standards.
 
 
 25
 6. For plans to which objections are made or amendments suggested, or which in any event the District Court will not approve without a hearing, the District Court shall hold hearings within five days after the time for filing objections and proposed amendments has expired. In no event later than August 23, 1969.
 
 
 26
 7. The plans shall be completed, approved, and ordered for implementation by the District Court no later than August 27, 1969. Such a plan shall be implemented commencing with the beginning of the 1969-1970 school year.
 
 
 27
 8. Because of the urgency of formulating and approving plans to be implemented for the 1969-70 school term, it is ordered as follows: The mandate of this Court shall issue immediately and will not be stayed pending petitions for rehearing or certiorari. This Court will not extend the time for filing petitions for rehearing or briefs in support of or in opposition thereto. Any appeals from orders or decrees of the District Court on remand shall be expedited. The record on any appeal shall be lodged with this court and appellants' brief filed, all within ten days of the date of the order or decree of the district court from which the appeal is taken. Appellee's brief shall be due ten days thereafter. The court will determine the time and place for oral argument if allowed. No consideration will be given to the fact of interrupting the school year in the event further relief is indicated.
 
 
 28
 Reversed and remanded with directions.
 
 ON PETITION FOR REHEARING EN BANC
 PER CURIAM:
 
 29
 The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also denied.
 
 
 
 [1]
 Illustrative are the following tables, corrected to the latest available data furnished and checked by counsel, in the cases in which the Government is a party showing the racial character of the schools in each district and the enrollment by race:
 RACIAL CHARACTER
 Total Number All- All- Predominantly
District of Schools Negro White White
Amite 5 2 1 2
Canton 5 3 - 2
Columbia 4 1 - 3
Covington 7 3 1 3
Forrest 9 1 2 6
Franklin 3 1 - 2
Hinds 22 10 1 11
Kemper 5 2 1 2
Lauderdale 5 1 2 2
Lawrence 7 2 3 2
Leake 7 3 3 1
Lincoln 6 2 3 -
Madison 8 4 - 4
Marion 5 1 2 2
Meridian 19 8 - 11
Natchez-Adams 15 7 - 8
Neshoba 2 1 - 1
North Pike 4 1 2 1
Noxubee 6 3 - 3
Philadelphia 3 1 1 1
Sharkey-Issaquena 5 4 - 1
Anguilla-Lane 3 2 - 1
South Pike 7 2 - 5
Wilkinson 4 2 - 2
Note 1--Continued
 ENROLLMENT BY RACE AND PERCENTAGE OF
 NEGROES IN WHITE SCHOOLS
 Projected Enrollment Negroes in White
 1969-1970
 District Negro White Number Percentage
 Amite 2,649 1,484 63 2.4 %
 Canton 3,440 1,352 4 .11%
 Columbia 912 1,553 60 6.6 %
 Covington 1,422 1,968 89 5.1 %
 Forrest 480 3,085 81 16.9 %
 Franklin 1,029 1,124 38 3.7 %
 Hinds 7,409 6,559 481 6.5 %
 Kemper 1,896 786 11 .58%
 Lauderdale 1,872 3,060 26 1.4 %
 Lawrence 1,263 1,889 32 2.5 %
 Leake 1,568 1,950 67 4.3 %
 Lincoln 941 1,149 5 .2 %
 Madison 3,198 1,128 41 1.3 %
 Marion 1,082 1,741 34 3.1 %
 Meridian 3,974 5,805 606 15.2%
 Natches-Adams 5,509 4,496 541 9.8 %
 Neshoba 591 1,875 1 .16%
 North Pike 632 708 2 .31%
 Noxubee 3,002 829 95 3.2 %
 Philadelphia 406 923 11 2.7 %
 Sharkey-Issaquena 1,241 603 104 6.4 %
 Anguilla-Line 769 207 30 3.9 %
 South Pike 1,737 994 46 * 2.6 %
 Wilkinson 2,032 689 55 2.7 %
 
 
 *
 There is a disgreement over proper accounting for some special
 classes which, for these purposes, we consider unimportant.
 
 
 [2]
 The latest corrected figures (see note 1 supra) are:
 Full & part Full time Part-time
 time desegregating desegregating
 teachers teachers teachers
District Negro White Negro White Negro White
Amite 95 66 0 0 0 0
Canton 120 81 3 11 1 9
Columbia 43 71 5 4 0 4
Covington 64 103 3 3 1 5
Forrest 43 122 4 3 1 2
Franklin 44 45 3 4 1 1
Hinds 295 81.9 22 0
Kemper 68 45 0 1 0 3
Lauderdale 82 131 8 3 0 0
Lawrence 50 81 10 4 0 1
Leake 87 0 0 3 0 1
Lincoln 38 74 0 0 0 0
Madison 147 66 0 8 0 1
Marion 48 96 4 6 0 0
Meridian 180 317 8 17 4 10
Natchez-Adams 484 0 40 53
Neshoba 35 86 0 3 0 2
North Pike 26 30 1 2 1 2
Noxubee 135 61 6 1 0 0
Philadelphia 25 46 0 0 0 2
Sharkey-
 Issaquena 71 31 0 0 0 0
Anguilla-Line 0 0 0 0
South Pike 78 52.8 2 3.3 0 2
Wilkinson 97 39 0 6 0 0