421 F.2d 685
 Vertrees MOSES, by his father and next friend, Wilton Moses, and all other Negroes similarly situated, Plaintiffs-Appellees,
v.
WASHINGTON PARISH SCHOOL BOARD, a corporation; Leon M. Knight, President; and C. M. Jones, Superintendent, Franklinton, Louisiana, Defendants-Appellants.
 No. 27648.
 United States Court of Appeals, Fifth Circuit.
 January 28, 1970.
 
 Welton O. Seal, Seal, Lee, Fendlason & Branch, Bogalusa, La., William P. Schuler, Asst. Atty. Gen., State of Louisiana, New Orleans, La., W. W. Erwin, Dist. Atty., 22nd Judicial District, Francis W. Watts, Jr., Watts & Watts, Franklinton, La., for defendants-appellants.
 Richard B. Sobol, Robert P. Roberts, George M. Strickler, Jr., Collins, Douglas & Elie, New Orleans, La., for plaintiffs-appellees.
 Before THORNBERRY, CARSWELL and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by the defendants-appellants Washington Parish School Board, et al, from an order of the district court of January 14, 1969, and all amendments thereto, adopting a school desegregation plan for the parish.[1]
 
 
 2
 Plaintiffs-appellees have filed a memorandum brief in response to this appeal. They urge the plan adopted by the district court provides in effect a unitary school system as called for in Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19. Therefore, plaintiffs-appellees ask that this appeal be dismissed as frivolous and double costs and counsel fees be assessed against the defendants-appellants, as provided by Rule 38, FRAP.
 
 
 3
 We affirm the district court's order. See Alexander v. Holmes County Board of Education, supra; Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 419 F.2d 1211 [December 1, 1969]. We deny plaintiffs-appellees' motion for double costs and counsel fees. Since we affirm the district court's order, however, all costs of this appeal will be assessed against the defendants-appellants in conformity with the rules of this Court.
 
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5th Cir. 1969, 417 F.2d 852, this Court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems." Upon consideration of the record, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, FRAP