UNITED STATES of America,
Plaintiff-Appellant,

v.

HINDS COUNTY SCHOOL BOARD
et al., Defendants-Appellees.

(Civil Action No. 4075(J))

Buford A. LEE et al., Plaintiffs-
Appellees,

v.

UNITED STATES of America,
Defendant-Appellant,

v.

Milton EVANS, Third-Party Defendant-
Appellee.

(Civil Action No. 2034(H))

UNITED STATES of America,
Plaintiff-Appellant,

v.

KEMPER COUNTY SCHOOL BOARD
et al., Defendants-Appellees.

(Civil Action No. 1373(E))

UNITED STATES of America,
Plaintiff-Appellant,

v.

NORTH PIKE COUNTY CONSOLIDAT-
ED SCHOOL DISTRICT et al.,
Defendants-Appellees.

(Civil Action No. 3807(J))

UNITED STATES of America,
Plaintiff-Appellant,

v.

NATCHEZ SPECIAL MUNICIPAL SEP-
ARATE SCHOOL DISTRICT et al.,
Defendants-Appellees.

(Civil Action No. 1120(W))

UNITED STATES of America,
Plaintiff-Appellant,

v.

MARION COUNTY SCHOOL DISTRICT
et al., Defendants-Appellees.

(Civil Action No. 2178(H))

Joan ANDERSON et al., Plaintiffs-
Appellants,
United States of America, Plaintiff-
Intervenor-Appellant,

v.

The CANTON MUNICIPAL SCHOOL
DISTRICT et al. and the Madison Coun-
ty School District et al., Defendants-
Appellees.

(Civil Action No. 3700(J))

UNITED STATES of America,
Plaintiff-Appellant,

v.

SOUTH PIKE COUNTY CONSOLIDAT-
ED SCHOOL DISTRICT et al.,
Defendants-Appellees.

(Civil Action No. 3984(J))

Beatrice ALEXANDER et al., Plaintiffs-
Appellants,

v.

HOLMES COUNTY BOARD OF EDUCA-
TION et al., Defendants-Appellees.

(Civil Action No. 3779(J))

Roy Lee HARRIS et al., Plaintiffs-
Appellants,

v.

The YAZOO COUNTY BOARD OF EDU-
CATION et al., Defendants-Appellees.

(Civil Action No. 1209(W))

John BARNHARDT et al., Plaintiffs-
Appellants,

v.

MERIDIAN SEPARATE SCHOOL DIS-
TRICT et al., Defendants-Appellees.

(Civil Action No. 1300(E))

UNITED STATES of America,
Plaintiff-Appellant,

v.

NESHOBA COUNTY SCHOOL DIS-
TRICT et al., Defendants-
Appellees.

(Civil Action No. 1396(E))

UNITED STATES of America,
Plaintiff-Appellant,

v.

NOXUBEE COUNTY SCHOOL DIS-
TRICT et al., Defendants-
Appellees.

(Civil Action No. 1372(E))

UNITED STATES of America,
Plaintiff-Appellant,

v.

LAUDERDALE COUNTY SCHOOL DIS-
TRICT et al., Defendants-Appellees.

(Civil Action No. 1367(E))

Dian HUDSON et al., Plaintiffs-
Appellants,

United States of America, Plaintiff-
Intervenor-Appellant,

v.

LEAKE COUNTY SCHOOL BOARD
et al., Defendants-Appellees.

(Civil Action No. 3382(J))

UNITED STATES of America,
Plaintiff-Appellant,

v.

COLUMBIA MUNICIPAL SEPARATE
SCHOOL et al., Defendants-
Appellees.

(Civil Action No. 2199(H))

UNITED STATES of America,
Plaintiff-Appellant,

v.

AMITE COUNTY SCHOOL DISTRICT
et al., Defendants-Appellees.

(Civil Action No. 3983(J))

UNITED STATES of America,
Plaintiff-Appellant,

v.

COVINGTON COUNTY SCHOOL DIS-
TRICT et al., Defendants-Appellees.

(Civil Action No. 2148(H))

UNITED STATES of America,
Plaintiff-Appellant,

v.

LAWRENCE COUNTY SCHOOL DIS-
TRICT et al., Defendants-Appellees.

(Civil Action No. 2216(H))

Jeremiah BLACKWELL, Jr., et al.,
Plaintiffs-Appellants,

v.

ISSAQUENA COUNTY BOARD OF
EDUCATION et al., Defendants-
Appellees.

(Civil Action No. 1096(W))

UNITED STATES of America,
Plaintiff-Appellant,

v.

WILKINSON COUNTY SCHOOL DIS-
TRICT et al., Defendants-Appellees.

(Civil Action No. 1160(W))

Charles KILLINGSWORTH et al.,
Plaintiffs-Appellants,

v.

The ENTERPRISE CONSOLIDATED
SCHOOL DISTRICT and Quitman Con-
solidated School District, Defendants-
Appellees.

(Civil Action No. 1302(E))

UNITED STATES of America,
Plaintiff-Appellant,

v.

LINCOLN COUNTY SCHOOL DISTRICT
et al., Defendants-Appellees.

(Civil Action No. 4292(J))

UNITED STATES of America,
Plaintiff-Appellant,

v.

PHILADELPHIA MUNICIPAL SEPA-
RATE SCHOOL DISTRICT et al.,
Defendants-Appellees.

(Civil Action No. 1368(E))

UNITED STATES of America,
Plaintiff-Appellant,

v.

FRANKLIN COUNTY SCHOOL DIS-
TRICT et al., Defendants-
Appellees.

(Civil Action No. 4256(J))

Nos. 28030, 28042.

United States Court of Appeals,
Fifth Circuit.

Nov. 7, 1969.

David D. Gregory, Atty., U. S. Dept. of Justice, Washington, D. C., Robert Hauberg, U. S. Atty., Jackson, Miss., David L. Norman, Deputy Asst. Atty. Gen., Robert T. Moore, Robert A. Murphy, U. S. Dept. of Justice, Civil Rights Div., Washington, D. C., Reuben V. Anderson, Fred L. Banks, Jr., Melvyn Leventhal, Jackson, Miss., Norman Chachkin, Jack Greenberg, Jonathan Shapiro, New York City, for appellant.

Robert C. Cannada, John M. Putnam, Jackson, Miss., M. M. Roberts, James H. C. Thomas, Jr., Howard L. Patterson, Jr., Hattiesburg, Miss., Thomas H. Watkins, Jackson, Miss., L. P. Spinks, Jr., DeKalb, Miss., John Gordon Roach, McComb, Miss., R. Brent Forman, Natchez, Miss., Richard D. Foxworth, Philip Singley, Columbia, Miss., Robert Goza, W. S. Cain, Joe R. Fancher, Jr., Canton, Miss., Aubrey A. Calhoun, Mt. Olive, Miss., Robert S. Reeves, McComb, Miss., Thad Leggett, III, Magnolia, Miss., William B. Compton, Robert B. Deen, Jr., Meridian, Miss., Herman Alford, Laurel G. Weir, Philadelphia, Miss., Ernest L. Brown, Macon, Miss., Harold W. Davidson, Carthage, Miss., Maurice Dantin and Wm. C. Callender, Columbia, Miss., J. D. Gordon, Liberty, Miss., William D. Adams, John K. Keyes, Collins, Miss., Cary C. Bass, Jr., Monticello, Miss., A. F. Summer, Atty. Gen. of Miss., Jackson, Miss., Charles Clark, Cox, Dunn & Clark, Reuben Anderson, Jackson, Miss., Herman C. Glazier, Jr., J. Wesley Miller, Rolling Fork, Miss., Richard T. Watson, Woodville, Miss., Henry W. Hobbs, Jr., Brookhaven, Miss., Charles H. Herring, Meadville, Miss., Calvin R. King, Durant, Miss., G. Milton Case, Canton, Miss., Thomas H. Campbell, Jr., Walter R. Bridgforth, John C. Satterfield, Yazoo City, Miss., James S. George, Monticello, Miss., Will S. Wells, Asst. Atty. Gen., Jackson, Miss., J. E. Smith, Carthage, Miss., Helen McDade, DeKalb, Miss., Robert E. Covington, Jr., Tally D. Riddell, Quitman, Miss., W. W. Hewitt, Meadville, Miss., for appellees.

Before BELL, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

These cases, consolidated for order, are here for disposition in light of the decision of the Supreme Court in Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L. Ed.2d 19, dated October 29, 1969. They involve 30 school districts in the Southern District of Mississippi. Suits to disestablish the dual school system were brought against fourteen of the school districts by private litigants: Anguilla, Canton, Enterprise, Holly Bluff, Holmes, Leake, Madison, Meridian, North Pike, Quitman, Sharkey-Issaquena, Wilkinson, Yazoo City, and Yazoo County. The suits with respect to the other sixteen school districts were government initiated.

The scope of the problem of converting from dual to unitary school systems in these districts may be seen from the following tables which reflect racial composition.

## GROUP I

| SYSTEM | WHITE STUDENTS | NEGRO STUDENTS |
|---|---|---|
| Amite | 1461 | 2582 |
| Anguilla Line | 214 | 906 |
| Canton Municipal | 1326 | 3672 |
| Hinds | 6438 | 7489 |
| Holly Bluff | 240 | 483 |
| Holmes | 913 | 5355 |
| Kemper | 793 | 2060 |
| Madison | 1238 | 3376 |
| Natchez-Adams | 4494 | 5927 |
| Noxubee County | 872 | 3573 |
| Sharkey-Issaquena | 630 | 2002 |
| South Pike | 1135 | 2156 |
| Wilkinson | 779 | 2757 |
| Yazoo County | 1071 | 2495 |

## GROUP II

| | | |
|---|---|---|
| Enterprise | 405 | 363 |
| Franklin | 1094 | 1075 |
| Leake | 2088 | 2224 |
| North Pike | 697 | 605 |
| Quitman | 1656 | 1490 |
| Yazoo City | 2014 | 2089 |

## GROUP III

| | | |
|---|---|---|
| Columbia City | 1538 | 896 |
| Covington | 1998 | 1629 |
| Forrest | 4195 | 1062 |
| Lauderdale | 3063 | 1858 |
| Lawrence | 1942 | 1277 |
| Lincoln | 1671 | 1018 |
| Marion | 2064 | 1564 |
| Meridian | 6418 | 4405 |
| Neshoba | 2045 | 877 |
| Philadelphia | 969 | 548 |

It is ordered, adjudged and decreed, effective immediately that "the school districts here involved may no longer operate a dual school system based on race or color" and each district is to operate henceforth, pursuant to the terms hereof, as a unitary school system within which no person is "effectively excluded from any school because of race or color." Alexander v. Holmes County Board of Education, supra.

To effectuate the conversion of these school systems to unitary school systems within the context of the order of the Supreme Court in Alexander v. Holmes County Board of Education, it is ordered, adjudged, and decreed that the permanent plans as distinguished from the interim plans prepared by the Office of Education, Department of Health, Education and Welfare, filed hereto and marked as Appendices 1 through 30

shall be immediately enforced as the plans of the respective systems subject to the following terms, conditions, and exceptions:

(1) The time between the date hereof and December 31, 1969 shall be utilized in arranging the transfer of faculty, transfer of equipment, supplies and libraries where necessary, the reconstitution of school bus routes where indicated, and in solving other logistical problems which may ensue in effectuating the attached plans. This activity shall commence immediately. The Office of Education plans will result in the transfer of thousands of school children and hundreds of faculty members to new schools. Many children will have new teachers after December 31, 1969. It will be necessary for final grades to be entered and for other records to be completed by faculty members and school administrators for the students for the partial school year involved prior to the transfers. The interim period between the date of this order and December 31, 1969 will also be utilized for this purpose.

(2) No later than December 31, 1969 the pupil attendance patterns and faculty assignments in each district shall comply with the respective plans.

(3) As to the South Pike school district (App. 1), the plan suggested by the Office of Education shall be fully complied with except as to pupil assignment. The present pupil assignment and attendance pattern will suffice until the further order of this court. This system has 1135 white students and 2156 Negro students. Each of its seven schools are presently integrated. We conclude that a unitary system has been established as to pupil assignment. The Office of Education plan in other respects will assure a completely unitary system.

(4) As to the Madison County system, the Office of Education plan (App. 2) is modified as follows: Subsection 4 through 8 of the Office of Education Recommended Plan for Student Desegregation 1969–70 are eliminated. In place of those subsections we substitute the geographic zoning arrangement for East Flora, Flora, Rosa Scott, Madison-Ridgeland, and Ridgeland Elementary set out in sections A.2 and A.3. (App. 2(b)) of the proposed plan of the Madison County Board of Education. All other provisions of the Office of Education plan regarding Madison County are to become effective pursuant to the terms of this order.

(5) The attendance plan submitted by the Wilkinson County Board of Education will be considered by the court as a modification of the Office of Education plan (App. 3) upon a showing through a pupil locator map of the contemplated racial characteristics of the schools for girls.

(6) The attendance plan submitted by the North Pike County Consolidated School District will be considered by the court as a modification of the Office of Education plan (App. 4) upon a showing through a pupil locator map of the contemplated racial characteristics of the Jones and Johnston Elementary schools.

(7) It appearing that the lack of buildings prevents the immediate implementation of the permanent plan of the Office of Education suggested for the Quitman Consolidated school district, the pupil attendance interim plan of the Office of Education for this district is authorized for use during the remainder of this school term (App. 5). The permanent plan shall be effectuated commencing in September, 1970. This relief is appropriate in view of the similarity between the proposed attendance plan of the school district and that of the Office of Education.

It is ordered, adjudged and decreed that these respective plans shall remain in full force and effect until the further order of this court. They may be modified by the court through the following procedure. Honorable Dan M. Russell, Jr., United States District Judge for the Southern District of Mississippi, is hereby designated to receive suggested modifications to the plans. No suggested modification may be submitted to

Judge Russell before March 1, 1970 and any such suggestion or request shall contemplate an effective date of September, 1970.

Judge Russell is directed to make full findings of fact with respect to any modification recommended or disapproved and these findings are to be referred to this court for its review. Pursuant to the terms of the order of the Supreme Court in Alexander v. Holmes County Board of Education, supra, no amendment or modification to any plan shall become effective without the order of this court.

This order is entered only after full consideration of the suggested plans of the Office of Education and those of the local school boards. It is apparent that in some instances the plans are cursory in nature. They were devised without pupil locator maps. They do not contain information as to geographical area, transportation routes or distances. Some have not considered zoning. The school board plans are almost all without statistical data as to race. It is entirely possible that more effective plans can be devised on a local level and that these will insure the simultaneous accomplishment of maximum education and unitary school systems. To this end, and as an imprimatur of local consideration, it is suggested the school board sponsored requests for changes in plans show either Negro representation on school boards or prior consideration by a bi-racial advisory committee to the school board.

Nothing herein is intended to prevent the respective school boards and superintendents from seeking the further counsel and assistance of the Office of Education (HEW), or the assistance of the Mississippi State Department of Education, University Schools of Education in or out of Mississippi, or of others having expertise in the education field.

The motion of counsel in those cases instituted by private litigants for attorneys fees is held in abeyance for the present. The motion of the private litigants to require the filing of further plans by the Office of Education for use in the Hinds County, Holmes County and Meridian districts is denied.

Jurisdiction of these cases is retained in this court, pursuant to the aforesaid order of the Supreme Court, to insure prompt and faithful compliance with this order. The court also retains jurisdiction to modify or amend this order as may be necessary or desirable to the end that unitary school systems will be operated.

It is so ordered.