**JOHNSON et al., Appellants,**

**v.**

**JACKSON PARISH SCHOOL BOARD, et al., Appellees.**

**ANDREWS et al., Appellants,**

**v.**

**CITY OF MONROE, et al., Appellees.**

**BANKS et al., Appellants,**

**v.**

**CLAIBORNE PARISH SCHOOL BOARD, et al., Appellees.**

**TAYLOR et al., Appellants,**

**v.**

**OUACHITA PARISH SCHOOL BOARD, et al., Appellees.**

**No. 28712.**

United States Court of Appeals
Fifth Circuit.
Dec. 9, 1969.

Supplemental Decision Jan. 26, 1970.

George M. Strickler, Jr., Collins, Douglas & Elie, New Orleans, La., Richard B. Sobol, Jesse Queen, Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for appellants.

Hal R. Henderson, Dist. Atty., Second Judicial Dist., Arcadia, La., Fred L. Jackson, Asst. Dist. Atty., Second Judicial Dist., Homer, La., Albin P. Lassiter, Dist. Atty., Fourth Judicial Dist., Monroe, La., John F. Ward, Baton Rouge, La., William H. Baker, Sp. Counsel, Jonesboro, La., for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

These are appeals in four school desegregation cases. They are before us on appellants' motions for summary reversal.

Notwithstanding the decision of the Supreme Court in Green v. County School Board of New Kent County, 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716, the District Court approved freedom of choice plans. We reversed in Hall v. St. Helena Parish School Board, 5 Cir. 1969, 417 F.2d 801, and ordered the District Court to adopt plans for the complete elimination of the dual systems. Plans to do so were submitted by HEW on July 5, 1969. The District Court, however, approved plans proposed by the school boards which do not establish ra-

cially unitary school systems. Appellants seek summary reversal.

Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 5 Cir. 1969, 419 F.2d 1211, mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color."

We reverse and remand each of these cases for compliance with the requirements of Alexander v. Holmes County, and the terms, provisions and conditions (including the times specified) in *Singleton, supra.*

The mandate in this case shall issue forthwith. No stay will be granted pending petition for rehearing or application for certiorari.

Reversed and remanded with directions.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The judgment of the Supreme Court in Carter v. West Feliciana Parish, et al., 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed. 2d 477, opinion dated January 14, 1970, reversing the judgment of this court rendered sub nom. Singleton v. Jackson Municipal Separate School District et al., 419 F.2d 1211, opinion dated December 1, 1969, with respect to the deferral of student desegregation beyond February 1, 1970 is made the judgment of this court. All other provisions of the order of this court in *Singleton* shall remain of full force and effect. The mandate of this court shall issue forthwith.