**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**The BOARD OF EDUCATION OF BALDWIN COUNTY, GEORGIA, et al.,
Defendants-Appellees.**

No. 28880.

United States Court of Appeals,
Fifth Circuit.

March 9, 1970.

Floyd M. Buford, U. S. Atty., Macon, Ga., Fletcher M. Farrington, Department of Justice, Washington, D. C., for appellant.

George C. Grant, Macon, Ga., George S. Carpenter, Jr., Milledgeville, Ga., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

This school desegregation case was last before us in United States v. Board of Education of Baldwin County, 5 Cir. 1969, 417 F.2d 848. There we gave "tentative" and "partial" approval to a *Jefferson*-model plan because at that time the stale record seemed to indicate that a freedom of choice plan offered the best promise of disestablishing the dual system. We remanded the case, however, to bring the record up to date and directed the district court to request HEW to collaborate with the Board of Education in formulating a plan "to desegregate fully and affirmatively all public schools in the county." We specified some mandatory changes, but pointed out that on a new record, the district court "may well conclude * * * that, indeed, zoning, pairing, or closing certain schools is required 'to convert promptly to a system without a "white" and a "Negro" school, but just schools'."

On remand, the district court reapproved the freedom of choice plan with modifications very similar to those we applauded as steps in the right direction but found insufficient in the *Bibb County* case Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211, 5 Cir. 1969, modified as to date *sub nom*, Carter v. West Feliciana Parish, 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L. Ed.2d 477, on remand, Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 425 F.2d 1211; see Bivins v. Bibb County Board of Education, 5 Cir. 1970, 424 F.2d 97. Even less progress has been made here than in Bibb County, however. About sixteen percent of the approximately 3000 Negro students are

in full-time attendance at formerly white schools; only four percent of the white students are involved in the program of part-time desegregation. The faculties of the schools are now composed so that one of every five is different from the race of the majority of faculty members at that school; complete faculty integration so that a school is no longer racially identifiable will be delayed until September 1, 1970.

In the circumstances of this case, neither the instructions of our previous mandate nor the district court's order approving the Board's plan as modified nor the plan itself may stand in the face of supervening changes in the law. Thorpe v. Housing Authority of the City of Durham, 1969, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474; Bell v. Maryland, 1964, 378 U.S. 226, 84 S.Ct. 1814, 12 L.Ed.2d 822. The record demonstrates that this plan does not comply with Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, United States v. Hinds County Board of Education, 5 Cir. 1969, 423 F.2d 1264, and Singleton v. Jackson Municipal Separate School District, 5 Cir. 1969, 419 F.2d 1211, modified as to date *sub nom.* Carter v. West Feliciana Parish, 1970, 396 U.S. 290, 90 S. Ct. 608, 24 L.Ed.2d 477, on remand, Singleton v. Municipal Separate School District, 5 Cir. 1970, 425 F.2d 1211. We must reverse and remand for compliance with those decisions, especially parts I and III of *Singleton.*[1]

The only plan that has been presented to us other than the Board's freedom of choice plan is that filed by HEW. This plan is based on zoning. The new record, in contrast to the stale record we had when the case was before us earlier, now provides some evidence that Baldwin County's residential segregation does not necessarily preclude a unitary system based on a zoning plan. But our data is scant: the Baldwin County system has no pupil-locator maps, so that HEW could draw only approximate zone lines. Nevertheless, as this Court said in *Singleton,* "the tenor of the decision in Alexander v. Holmes County, is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation". Since the HEW plan is the only one currently available that gives any promise of ending the dual system, we must order its implementation despite its defects. The burden is now on the School Board to prepare pupil locator maps and demonstrate to the district court whether and how the zone lines must be altered.

It is therefore ordered

1. The appellee School Board's motion to dismiss is denied.

2. The United States' motion for summary reversal is granted and the district court's order of August 20, 1969, is hereby reversed.

3. The district court is directed to enter its order approving the terminal plan proposed by HEW and directing the appellee Board to put the plan into effect by or before March 30, 1970. Carter v. West Feliciana Parish School Board, 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477; Singleton v. Jackson Municipal Separate School

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5 Cir. 1969, 423 F.2d 1264 and of Carter v. West Feliciana Parish School Board, 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 [January 14] implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 425 F.2d 1211, this Court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adopted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems". Upon consideration of the parties' memoranda and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.

District, 5 Cir. 1970, 425 F.2d 1211, en banc mandate in consolidated cases, January 21, 1970.

4. The district court is directed to schedule expedited hearings for such modifications to the plan as may be necessary to correct unworkable elements in the plan and to allow the parties an opportunity to suggest improvements in the plan in the light of the actual workings of the plan to the end that student bodies will be more effectively desegregated than they were under the freedom of choice method. The hearings, however, shall not delay the full implementation of the plan by March 30, 1970.

5. The mandate herein shall issue immediately and no stay will be granted for filing Petition for Rehearing or Petition for Writ of Certiorari.

COLEMAN, Circuit Judge (dissenting).

For the reasons already of record in other cases, I dissent.

In particular, I expressly reject the idea of turning schools inside out in the middle of a semester or a term. I do not care to have that kind of activity written against my judicial record.