Yvornia Decarol **BANKS** et al., Plaintiffs-Appellants,

United States of America, Plaintiff-Intervenor-Appellant,

v.

**CLAIBORNE PARISH SCHOOL BOARD** et al., Defendants-Appellees.

No. 29192.

United States Court of Appeals, Fifth Circuit.

April 15, 1970.

George M. Strickler, Jr., Collins, Douglas & Elie, New Orleans, La., for plaintiffs-appellants.

Fred L. Jackson, Homer, La., John F. Ward, Jr., Baton Rouge, La., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

When this desegregation case was before us on May 28, 1969 (Hall et al. v. St. Helena Parish School Board, 5 Cir.

1969, 417 F.2d 801), we reversed the District Court's decision approving the continued use of freedom-of-choice in Claiborne Parish and directed the District Court to require a racially unitary school system by the beginning of the 1969–1970 school year. On August 1, 1969, the District Court approved a school board plan which assigned twenty percent of the Negro student body to the formerly all white schools. No provision was made for desegregation of the all-Negro schools. An appeal from the District Court's order was pending when the Supreme Court decided Alexander et al. v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19. A motion for summary reversal was then filed by appellants. Subsequently this Court, sitting en banc, decided Singleton et al. v. Jackson Municipal Separate School District, 5 Cir. 1969, 419 F.2d 1211, in which we held that pupil desegregation should be postponed until September, 1970, but that full faculty desegregation should be accomplished by February 1, 1970. On December 9, 1969, the District Court's order in this and three consolidated cases was reversed and *Singleton* relief was ordered. Johnson et al. v. Jackson Parish School Board et al., 5 Cir. 1969, 420 F.2d 692. On January 14, 1970, the Supreme Court reversed Singleton insofar as it deferred student desegregation beyond February 1, 1970, Carter et al. v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477. Accordingly, this Court granted similar relief in this case on January 26, 1970. Johnson et al. v. Jackson Parish School Board, 5 Cir. 1970, 420 F.2d 692.

■ On January 27, 1970, the District Court issued the order here appealed from which approved a desegregation plan submitted by the school board. Two other plans had been submitted, one proposed by HEW and the other by Educational Resources Center for School Desegregation at Tulane University.[1]

I. This plan is defective because it provides for segregated classes within the school.

See Johnson v. Jackson Parish School Board, 5 Cir. 1970, 420 F.2d 692.

The school board plan provided that in the three largest attendance areas in the Parish (Homer-Mayfield, Athens-Hillcrest, and Haynesville-Woodson) all students in grades one through seven were to be assigned to the three white schools. Grades eight through twelve were to be taught concurrently in both the black and white schools with those students enrolled in "college preparatory" courses assigned to white schools and those students enrolled in vocational courses in the formerly all-Negro schools.

In the remaining two attendance areas the formerly all-Negro schools were closed and the students in one area assigned to the all-white school, but the order was silent as to the pupil assignment in the other zone.

From affidavits submitted it appears that the school board plan was implemented in the following manner: In the three largest attendance areas students in grades eight through twelve continued to exercise freedom of choice. No white students were assigned to the all-Negro schools but the few white students who desired to take certain vocational courses were transported to the Negro schools for such courses and then transported back to the white schools. Furthermore, the number of Negro students allowed to transfer to the white schools was to be limited. This resulted in 83% of the Negro students in these grades remaining in all Negro schools.

Negro students in grades one through seven who were transferred to the white schools were placed in all-Negro classes with Negro teachers.

White students from the closed Lisbon School were not reassigned to the nearby all-Negro school (Pineview) but were bussed over ten miles to attend another school, leaving Pineview all-Negro.

The ratio of Negro to white teachers continued to be "tailored for a heavy concentration of either Negro or white students." Hall et al. v. St. Helena Parish School Board et al., 5 Cir. 1969, 417 F.2d 801, 811.

The record demonstrates beyond peradventure that the Board plan as implemented does not comply with the mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color." Alexander v. Holmes County, *supra*; United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852; Singleton v. Jackson Municipal Separate School System, *supra*. We reverse and remand.[2]

■ HEW's plan is the only one that has been presented which, at this late date meets the requirements of the ever increasing number of our mandates. We are unimpressed with the Board's argument that there is not enough statistical data available to prove that its plan will not, at some indefinite time in the future, convert the Parish school system from a dual to a unitary operation. As we said in *Singleton* "the tenor of the decision in Alexander v. Holmes County is to shift the burden from the standpoint of time for convert-

2. Under the stringent requirements of Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19, which this Court has carried out in United States v. Hinds County School Board, 5 Cir. 1969, 417 F.2d 852, and of Carter v. West Feliciana Parish School Board, 1970, 396 U.S. 290, 90 S. Ct. 608, 24 L.Ed.2d 477, implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211, this Court has judicially determined that the ordinary procedures for appellate review in school desegregation cases have to be suitably adopted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems." Upon consideration of the parties' memoranda and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.

ing to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation."

Since the HEW plan is the only one currently available that gives any promise of presently ending the dual system, we must order its implementation despite its defects. *See* United States v. Board of Education of Baldwin County, Ga. et al., 5 Cir. 1970, 423 F.2d 1013. Accordingly, the appellee School Board's Motions for Dismissal and for Summary Affirmance are denied, and the appellant's Motion for Summary Reversal is granted. The District Court's order of January 27, 1970, is reversed.

The District Court shall forthwith enter its order approving the plan proposed by HEW for pupil desegregation, with directions to the appellee Board to put the plan into effect on or before June 1, 1970, Carter et al. v. West Feliciana Parish School Board, 1970, 396 U. S. 290, 90 S.Ct. 608. The District Court shall order the Board to integrate the classes as well as the schools. Johnson v. Jackson Parish School Board, 5 Cir. 1970, 420 F.2d 692.

The District shall direct the appellee Board to forthwith reassign the faculty and staff so that the ratio of Negro to white teachers in each school, and the ratio of other staff in each, are substantially the same as each such ratio is to the teachers and other staff, respectively, in the entire school system.

The District Court shall schedule expedited hearings for such modifications to the HEW plan as may be necessary to correct unworkable elements in the plan and to allow the parties an opportunity to suggest improvements in the plan in the light of actual workings of the plan to the end that student bodies will be more effectively desegregated than they were under the other methods. The hearings, however, shall not delay the full implementation of the plan by June 1, 1970.

The mandate in this case shall issue immediately and no stay will be granted for Petition for Rehearing or for Petition for Writ of Certiorari.

Reversed and Remanded with Directions.