**UNITED STATES of America, Plaintiff-Intervenor-Appellant,**

v.

**Charles F. MATHEWS et al., Defendants-Appellees.**

**No. 30149.**

United States Court of Appeals, Fifth Circuit.

Aug. 21, 1970.

---

Roby Hadden, U. S. Atty., Jerris Leonard, Asst. Atty. Gen., David L. Norman, Deputy Asst. Atty. Gen., Brian K. Landsberg, Bernard H. Shapiro, Ethel A. Ollivierre, Attys., U. S. Dept. of Justice, Washington, D. C., for appellant.

Henry Harbour, Longview, Tex., for appellees.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This case involves the student assignment portion of the plan for desegregating the Longview school system.[1] The parties stipulated a student assignment plan on January 6, 1970, and the plan was approved by the district court on January 20, 1970. Under it each of the Longview schools would be substantially desegregated. On June 17, 1970 the court, over the objection of the government, permitted the withdrawal of the January 6, 1970 plan and approved a substitute plan whereunder the student bodies in 4 of the 12 elementary schools in the system would remain all Negro. These schools are Janie Daniel, Maggie B. Hudson, Southside, and Rollins. The latter order and consequent plan furnish the subject matter of this appeal.

It is apparent from the record that there are reasonable alternatives to the continued existence of these all Negro student body schools. Each can be paired with contiguous schools having largely all white student bodies. The Janie Daniel elementary school can be paired or grouped with one or more of the following: Bramlette Valley View and Peques Place. Maggie B. Hudson elementary can be paired with South Ward or Pinewood or both. Southside can be paired with Ware, and Rollins can be paired with Jodie McClure elementary school.

The district court is directed to require the pairing of these schools as stated, or in the alternative, the school board shall be permitted to rezone the attendance districts involving these schools provided the desegregation result is substantially the same as would result from pairing. As a further alternative, the district court is directed to reapprove the plan embodied in the January 20, 1970 order in the event the school board so requests.

Reversed and remanded for further proceedings not inconsistent herewith.

---

1. Under the stringent requirements of Alexander v. Holmes County Board of Education 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969), which this court has carried out in United States v. Hinds County School Board, 5 Cir., 1969, 423 F.2d 1264, this court has judicially determined that the ordinary procedures for appellate review in school segregation cases have to be suitably adapted to assure that each system, whose case is before us, "begin immediately to operate as unitary school systems." Upon consideration of the record, the court has proceeded to dispose of this case as an extraordinary matter. Rule 2, FRAP.