IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60592
Summary Calendar

_____


QUITMAN CONSOLIDATED SCHOOL DISTRICT;

                    Plaintiff - Counter Defendant - Appellee,

STEVE CONNER, a member of the board of education; LARRY
HOWZE, a member of the board of education; LEWIS JEFFERSON,
a member of the board of education; MICKEY LONG, a member of
the board of education; WALTER TAYLOR, a member of the board
of education

                    Plaintiffs - Appellees

v.

ENTERPRISE SCHOOL DISTRICT, by and through its
superintendent, Kenneth W Pouncey; ANDREW KERSH, a member of
the board of education; LINDA SISSON, a member of the board of
education; MICHAEL GUNN, a member of the board of education; JOHN
MCPHEARSON, a member of the board of education; BILLY
MOSLEY, a member of the board of education

                    Defendants - Counter Claimants - Appellants

                    --------------------
           Appeal from the United States District Court
            for the Southern District of Mississippi
                    USDC No. 4:99-CV-60-LN
                    --------------------
                        July 11, 2000

Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Counter Defendant-Appellee Quitman Consolidated

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

School District and Plaintiffs-Appellees Steve Conner, Larry Howze, Lewis Jefferson, Mickey Long, and Wayne Taylor (all members of the Quitman Consolidated School District Board of Education)(collectively, "Quitman") originally brought this declaratory judgment action against Defendants-Counter Claimants-Appellants Enterprise School District, its superintendent, and members of its board of education (collectively, "Enterprise") in Mississippi state court.  The suit sought a judgment declaring that: (1) complete ownership of the Clarke County Vocational Technology Center (the "Center") is vested in the Quitman Consolidated School District; (2) Quitman has a right to assess tuition and registration fees to non-district students; (3) Enterprise owes Quitman back tuition payments for Enterprise students who attended the Center; and (4) Enterprise must furnish Quitman with a full accounting of all funds generated by Sixteenth Section lands within the shared townships of Clarke County, Mississippi.

Enterprise removed the action to the United States District Court for the Southern District of Mississippi.  Enterprise based removal on two separate grounds.  First, it contended that removal was proper under 28 U.S.C. § 1441(b) because the federal courts had continuing jurisdiction over this matter as the issues raised by Quitman affected desegregation orders previously entered by this court.  Second, it alleged that removal was also proper under 28 U.S.C. § 1443 because the suit was being brought

2

against Enterprise in its role as an "enforcer" of the earlier desegregation decrees.  Enterprise subsequently filed a counterclaim seeking: (1) a preliminary injunction ordering that Enterprise students be allowed to continue their studies at the Center; and (2) an order declaring that the Center be operated as a regional vocational education center pursuant to Mississippi Code Annotated §§ 37-31-71 to 37-31-79 (1996).

Quitman subsequently moved the district court to remand the case to state court.  The district court found that the suit was neither connected to the previous desegregation orders, nor to Enterprise's role as an "enforcer" of the earlier desegregation decrees.  The district court therefore remanded the case to state court.  Enterprise timely appeals.

As an initial matter, it should be noted that this court has jurisdiction to hear Enterprise's appeal.  While an order remanding a case to state court is generally not reviewable, if the case was originally removed pursuant to 28 U.S.C. § 1443 this court may review a subsequent remand order.  See 28 U.S.C. § 1441(d).

On appeal, Enterprise argues that the case was properly removed under 28 U.S.C. § 1443(2) because resolution of the instant suit could potentially conflict with prior desegregation orders issued by this court. See Lauderdale County Sch. Dist. v. Enterprise Consol. Sch. Dist., 24 F.3d 671, 688-98 (5th Cir. 1994); United States v. Hinds County Sch. Board, 423 F.2d 1264

3

(5th Cir. 1969); <u>United States v. Hinds County Sch. Board</u>, 417 F.2d 852 (5th Cir. 1969). Section 1443(2) allows a defendant to remove a case to federal court if he is sued in state court for "refusing to do any act on the ground that it would be inconsistent with any law providing for equal rights." <u>News-Texan, Inc. v. City of Garland, Texas</u>, 814 F.2d 216, 218 (5th Cir. 1987) (internal quotations and citations omitted). Enterprise essentially contends that Quitman's requested relief would force Enterprise to take actions that would violate the earlier desegregation decrees issued by this court, and therefore removal of this action under § 1443(2) is proper.

A review of Quitman's declaratory judgment action and Enterprise's answer and counterclaim, however, reveals that the instant action does not involve desegregation issues, issues addressed in the prior desegregation cases, or any other civil rights issue. Moreover, Enterprise has not shown a colorable conflict between resolution of this case and the prior desegregation decrees. <u>See</u> <u>Alonzo v. City of Corpus Christi</u>, 68 F.3d 944, 946 (5th Cir. 1995); <u>see</u> <u>also</u> <u>News-Texan, Inc.</u>, 814 F.2d at 218-21. As such, Enterprise has failed to show that removal was proper under § 1443(2) or that federal jurisdiction otherwise exists. Therefore, the district court's remand of this case is AFFIRMED.

4