**James E. HILSON, a minor, et al., Plaintiffs-Appellants,**

v.

**W. B. OUZTS, Jr., individually and as Superintendent of Schools, Washington County, Georgia, et al., Defendants-Appellees.**

No. 28491
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1970.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Thomas M. Jackson, Macon, Ga., Jack Greenberg, Norman J. Chachkin, New York City, for plaintiffs-appellants.

Albert P. Reichert, Mallory C. Atkinson, Jr., Macon, Ga., Thomas A. Hutcheson, Sandersville, Ga., for defendants-appellees; Anderson, Walker & Reichert, Macon, Ga., of counsel.

---

1. We do not, by mentioning the issue, indicate even a hint of a view thereon.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

This case came on to us after full briefing and reproduction of the necessary appendix. It is placed on the Summary Calendar for disposition without oral argument under local Rule 18 of this Court.

The Washington County Board of Education is operating its system of public education under a plan approved by the District Court which is substantially that proposed by defendants. Plaintiffs and the Department of Health, Education and Welfare, with whom all parties conferred pursuant to the Court's direction, have filed plans which differ from that accepted by the Court. Plaintiffs' and the HEW plan are generally the same except as to timing. They involve an attendance zone around an isolated all-Negro elementary school and the pairing of two elementary schools at Sandersville, two elementary schools at Tennile and two high schools at Sandersville, plaintiffs' proposal being that this be accomplished in the 1969–1970 school year while the HEW plan would desegregate the elementary schools in the present school year and the high schools in the following year. The defendants' plan, substantially accepted by the District Court, proposed reopening of freedom of choice, integrating of kindergarten and faculty integration on a 5:1 ratio with intercultural exchanges.

The defendants have now filed their reports with the Court after the beginning of the school year, and it is clear from the record that the plan approved by the District Court on August 11, 1969 does not accomplish a unitary school system.

Under the circumstances this case must be reversed and remanded for further proceedings under recent decisions of the Supreme Court of the United States and of this Court. Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.

2d 19; United States v. Hinds County Board, 5 Cir., 1969, 417 F.2d 852 and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 5 Cir., 1969, 419 F.2d 1211, mandate that "effective immediately * * * school districts * * * may no longer operate a dual school system based on race or color," and that they must "begin immediately to operate as unitary school systems within which no person is to be effectively excluded from any school because of race or color." As this Court said in *Singleton*, "the tenor of the decision in Alexander v. Holmes County is to shift the burden from the standpoint of time for converting to unitary school systems. The shift is from a status of litigation to one of unitary operation pending litigation."

We vacate the District Court's order of August 11, 1969 and reverse and remand this case with directions to the District Court to enter an order in conformity with all terms, provisions and conditions specified by this Court in *Singleton*, supra, Parts I and III, except for the following:

(1) The District Court shall order the Board to submit a desegregation plan to provide a unitary school system and said plan shall be filed with the District Court not later than January 15, 1970.

(2) The District Court shall order the School Board to take such preliminary steps as may be necessary to prepare for complete student desegregation by February 1, 1970, in accordance with the order of the Supreme Court in Carter v. West Feliciana Parish School Board, 1969, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 [No. 944 October Term], in the event the Supreme Court requires student desegregation by February 1, 1970.

The mandate in this cause shall issue forthwith. No stay will be granted pending petition for rehearing, or application for certiorari.

Reversed and remanded with directions.