NORTHCROSS ET AL. *v.* BOARD OF EDUCATION
OF THE MEMPHIS, TENNESSEE,
CITY SCHOOLS ET AL.

No. 1136. Decided March 9, 1970

*Jack Greenberg* and *James M. Nabrit III* for petitioners.

*Jack Petree* for respondents.

PER CURIAM.

In 1966 the District Court for the Western District of Tennessee approved a plan of respondent Board of Education for the desegregation of the Memphis school system. In July 1968 petitioners made a motion that the court order the Board to adopt a new plan prepared with the assistance of the Title IV Center of the University of Tennessee. The Center is funded by the Department of Health, Education, and Welfare. The 1966 plan permitted unrestricted free transfers, and petitioners desired a plan without such a provision, and one that would also provide among other things for complete faculty desegregation. The District Court denied the motion as filed but on May 15, 1969, in an unreported opinion, directed respondent Board to file a revised plan which would incorporate the existing plan (as respondent proposed during the hearing to supplement it), and which also would contain a modified transfer provision, a provision for the appointment of a Director of Desegregation charged with responsibility to devise ways and means "of assisting the Board in its affirmative duty to convert to a unitary system in which racial discrimination will be eliminated root and branch," and provision for faculty desegregation. The court also directed that, prior to January 1, 1970, the Board file a map of proposed revised zone boundary lines and enrollment figures by race within the revised zones to enable the court then to "reconsider the adequacy of the transfer plan." The District Court expressly found that such further steps were necessary because, although the respondent Board "has acted in good faith," "the existing and proposed [supplemental] plans do not have real prospects for dismantling the state-imposed dual system at the 'earliest practicable date.'"

Petitioners appealed to the Court of Appeals for the Sixth Circuit. In June 1969 they filed a Motion for Summary Reversal and on November 3, 1969, after this Court's decision in *Alexander* v. *Holmes County Board of Education,* 396 U. S. 19 (1969), a motion to require adoption of a unitary system now. Both motions were denied on December 19, 1969, and the case was remanded to the District Court; the Court of Appeals stated that action on its part would be premature "until the United States District Court has had submitted to it the ordered plan, and has had opportunity to consider and act upon it."

Petitioners thereupon filed in the Court of Appeals a motion for injunction pending certiorari which, in reliance upon *Alexander* v. *Holmes County Board,* sought an injunction requiring respondent Board "to prepare and file on or before January 5, 1970, in addition to the adjusted zone lines it is presently required to file, a plan for the operation of the City of Memphis public schools as a unitary system during the current 1969–70 school year." The motion was denied on January 12, 1970, on the ground that *Alexander* v. *Holmes County Board* was inapplicable to the case because "[the Court of Appeals is] satisfied that the respondent Board of Education of Memphis is not now operating a 'dual school system' and has, subject to complying with the present commands of the District Judge, converted its pre-*Brown* dual system into a unitary system 'within which no person is to be effectively excluded because of race or color.' "

Petitioners, on January 30, 1970, filed in this Court a petition for certiorari and a motion for injunction pending certiorari "requiring the preparation, with the assistance of H. E. W. or the H. E. W.-funded University of

Tennessee Title IV Center, of a plan of complete pupil and faculty integration affecting all phases of the operations of the Memphis public school system, for implementation during the 1969–70 school year in conformity with . . . *Alexander* v. *Holmes County Bd.* . . ."

The petition for certiorari is granted. We hold that the Court of Appeals erred in the following respects:

1. Since the findings of the District Court—that the state-imposed dual system had not been dismantled under the 1966 plan and that that plan and the Board's proposed supplemental plan did "not have real prospects for dismantling [it] . . . at the 'earliest practicable date' "—are supported by substantial evidence, the Court of Appeals erred in substituting its own finding that respondent Board "is not now operating a 'dual school system' . . . ."

2. Since it appears that neither the revised plan of desegregation filed on June 9, 1969, nor the revised school zones and updated enrollment figures which were ordered to be filed on or before January 1, 1970, were properly before the Court of Appeals for review, it was premature for the Court of Appeals to rule that the Board "has, subject to complying with the present commands of the District Judge, converted its pre-*Brown* dual system into a unitary system 'within which no person is to be effectively excluded because of race or color.' "

3. In holding that *Alexander* v. *Holmes County Board* is inapplicable to this case.

The Court of Appeals' order of remand of December 19, 1969, is affirmed, but with direction that the District Court proceed promptly to consider the issues before it and to decide the case consistently with *Alexander* v. *Holmes County Board.* The order of the Court of

Appeals of January 12, 1970, denying injunctive relief is affirmed. The motion for injunction pending certiorari filed in this Court is denied.

The judgment herein shall issue forthwith.

*It is so ordered.*

Mr. Justice Marshall took no part in the consideration or decision of this case.

Mr. Chief Justice Burger, concurring in the result.

Save for one factor, I would grant the petition and set the case for expedited argument at a special sitting, if necessary. The factor which is a barrier to taking this step now in this particular case is that one Justice would not be able to participate, thus limiting the Court to seven justices. I would do this on the basis that the time has come to clear up what seems to be a confusion, genuine or simulated, concerning this Court's prior mandates. By the time of No. 944, *Carter* v. *West Feliciana Parish School Board,* 396 U. S. 290 (1970), Mr. Justice Stewart and I indicated we preferred not to reach a decision without first hearing oral argument.

These school cases present widely varying factors: some records reveal plans for desegregating schools, others have no plans or only partial plans; some records reflect rezoning of school districts, others do not; some use traditional bus transportation such as began with consolidated schools where such transportation was imperative, others use school bus transportation for a different purpose and unrelated to the availability of a school as to which such transportation is not required.

The suggestion that the Court has not defined a unitary school system is not supportable. In *Alexander* v. *Holmes County Board of Education,* 396 U. S. 19

(1969), we stated, albeit perhaps too cryptically, that a unitary system was one "within which no person is to be effectively excluded from any school because of race or color." From what is now before us in this case it is not clear what issues might be raised or developed on argument. As soon as possible, however, we ought to resolve some of the basic practical problems when they are appropriately presented including whether, as a constitutional matter, any particular racial balance must be achieved in the schools; to what extent school districts and zones may or must be altered as a constitutional matter; and to what extent transportation may or must be provided to achieve the ends sought by prior holdings of the Court. Other related issues may emerge.

However, for the reasons stated, namely that the Court is already disabled by one vacancy of long standing and further disabled in the particular case, I join in the result reached by the Court.