James E. HILSON, a minor, et al., Plaintiffs-Appellants,

v.

W. B. OUZTS, Jr., individually and as Superintendent of Schools, Washington County, Georgia, et al., Defendants-Appellees.

No. 29216
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 3, 1970.

---

Howard Moore, Jr., Peter E. Rindskopf, Atlanta Ga., T. M. Jackson, Macon, Ga., Jack Greenberg, Norman J. Chachkin, James M. Nabrit, III, New York City, for plaintiffs-appellants.

Albert P. Reichert, Macon, Ga., Thomas A. Hutcheson, Sandersville, Ga., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

■ This case is placed on the Summary Calendar for disposition without oral argument under local Rule 18 of this Court, full briefing and reproduction of the necessary record on appeal having been made.

In this school desegregation case involving Washington County, Georgia, schools, we have heretofore rendered our decision, 5 Cir., 1970, 421 F.2d 632, in which we reversed and remanded with directions to the District Court to enter an order giving effect to the recent decisions of the Supreme Court of the United States and this Court, namely, Alexander v. Holmes County Board of Education, 1969, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19; United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852; and Singleton v. Jackson Municipal Separate School System (and consolidated cases en banc), 5 Cir., 1969, 419 F.2d 1211. We also called attention to the pendency of Carter v. West Feliciana Parish School Board, and the possibility of the Supreme Court requiring complete student desegregation by February 1, 1970. Carter has now been decided, 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477, and required complete student desegregation by February 1, 1970.

The District Court has again considered the matter and has entered an order approving a freedom of choice plan in which only 44 black students are attending formerly all-white schools and 85 white students attend the formerly all-black T. J. Elder High School for Vocational Training though regularly enrolled in Washington County High; they attend T. J. Elder for only a half day every day. The Washington County School System has 5,270 pupils of which approximately two-thirds are black.

It is apparent that the plan approved by the District Court does not comply with Green v. County School Bd. of New Kent Co., Va., 1968, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716, and numerous decisions of this Court. See, e. g., Hall v. St. Helena Parish School Board, 5 Cir., 1969, 417 F.2d 801; United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852.

■ It is necessary, therefore, that we again reverse and remand this case "with directions that the District Court proceed promptly to consider the issues before it and to decide the case consistently with Alexander v. Holmes County Board." See Northcross v. Board of Education of the Memphis, Tennessee City Schools, 1970, 397 U.S. 232, 90 S.Ct. 891, 25 L.Ed. 246. See also Bivins v. Bibb County Board of Education and Thomie v. Houston County Board of Education, 5 Cir., 1970, 424 F.2d 97. It is pertinent to note that the School Board had proposed a new plan of desegregation, pursuant to our former decision, which plan was withdrawn, however, by the Board

when the District Court approved the Bibb County and Houston County plans. The action we take here disposes of appellants' pending motion for summary reversal. Appellants' motion for attorney's fees is denied.

Reversed and remanded with directions.