Cynthia D. GREEN and others including Michael DeWayne Law and Kirk Anthony Law, infants, by Maynard Law and Vernice Law, their parents and next friends, et al., Appellants,

v.

The SCHOOL BOARD OF the CITY OF ROANOKE, VIRGINIA, et al., Appellees.

No. 14335.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1970.

Decided June 17, 1970.

S. W. Tucker, Richmond, Va. (Henry L. Marsh, III, and Hill, Tucker & Marsh, Richmond, Va; George W. Harris, Jr., Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on the brief), for appellants.

James N. Kincanon, City Atty., and H. Ben Jones, Asst. City Atty., City of Roanoke, for appellees.

Before BRYAN and CRAVEN, Circuit Judges, and JONES, District Judge.

PER CURIAM:

Narrating the deficiencies of Roanoke's plan for desegregation of its public schools would serve no useful purpose. In light of current decisions of the Supreme Court, Alexander v. Holmes Co. Bd. of Ed., 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969); Green v. County School Bd. of New Kent County, 391 U.S. 430, 435, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968); and Monroe v. Board of Commissioners, 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733 (1968), it is clear that the school board has failed to dismantle its dual school system and is not presently operating a unitary system.

The Chief Justice has said that the Supreme Court has not yet authoritatively and finally decided whether "any particular racial balance must be achieved in the schools; to what extent school districts and zones may or must be altered as a constitutional matter; to what extent transportation may or must be provided to achieve the ends sought by prior holdings of the Court." Northcross v. Board of Ed. of Memphis, 397 U.S. 232, 237, 90 S.Ct. 891, 893, 25 L.Ed.2d 246 (1970) (Burger, C. J., concurring). Even so, and even if the board's default is attributable in part thereto, we think the school board's position that Booker T. Washington Junior High School, for example, is an integrated school because it has one white student attending with 424 Negro students, and that Woodrow Wilson Junior High School is integrated because its student body consists of one Negro with the remaining students white, is simply untenable. That other schools, such as Monroe Junior High (364 Negroes to 866 whites) and Fleming High School (245 Negroes to 1,204 whites), are fully integrated does not, we think, achieve a unitary school system without more.

We believe Swann v. Charlotte-Mecklenburg Bd. of Ed., 431 F.2d 138 (4th Cir. Nos. 14,517; 14,518; May 26, 1970), controls this school case. Pursuant to Judge Butzner's majority opinion in that case we remand to the district judge with these instructions:

I. The district court shall direct the school board to prepare and file a new plan for achieving a unitary school system by July 15, 1970. To this end the board should consider consulting with and seeking the assistance of the Department of Health, Education and Welfare.

II. Plaintiffs will file their exceptions to the plan, if any, by July 22, 1970, and the district court shall promptly conduct all necessary hearings, so that the plan will actually go into effect upon the opening of school next fall.

III. The district court shall consider and approve a plan as soon as possible, so that it may be fully implemented upon the opening of the fall session of school. Such plan will remain in full force and effect regardless of appeal, unless and until it is modified by an order of this court, Nesbit v. Statesville City Bd. of Ed., 418 F.2d 1040, 1043 (4th Cir. 1969).

IV. The school board in devising its plan and the district court in considering whether or not it is adequate must explore every reasonable method of desegregation, including rezoning, pairing, grouping, school consolidation, and transportation, including a majority to minority transfer plan. In short, any and all reasonable means to dismantle the dual system and eliminate racial characteristics in the Roanoke schools must be utilized, so that "no person is to be effectively excluded from any school because of race or color." Alexander v. Holmes Co. Bd. of Ed., 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969).

V. With respect to faculty, the district court shall require that teachers be assigned "so that the ratio of black teachers to white teachers in each school will be approximately the same as the ratio of black teachers to white teachers in the entire school system." United States v. Montgomery Co. Bd. of Ed., 395 U.S. 225, 232, 89 S.Ct. 1670, 23 L.Ed.2d 263 (1969); Swann v. Charlotte-Mecklenburg Bd. of Ed., 431 F.2d 138, 140 n. 1 (4th Cir. Nos. 14,517; 14,518; May 26, 1970); Nesbit v. Statesville City Bd. of Ed., 418 F.2d 1040, 1042 (4th Cir. 1969).

VI. Finally, appellants shall recover their costs.

Reversed and remanded.

ALBERT V. BRYAN, Circuit Judge (concurring):

I join in the foregoing decision but adhere to the view expressed in my dissent in Swann v. Charlotte-Mechlenburg Board of Education, that busing may validly be required to achieve integration, but as yet is not compellable to achieve a racial balance. To me there is a marked distinction. Integration may be fairly and justly effectuated and exist without equation or a fixed ratio of the racial population in the schools.