**James E. HILSON, etc., et al., Plaintiffs-Appellants,**

v.

**W. B. OUZTS, Jr., etc., et al., Defendants-Appellees.**

**No. 30184.**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1970.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Thomas M. Jackson, Macon, Ga., Jack Greenberg, Norman J. Chachkin, New York City, Paul Rilling, Dept. of H.E.W., Office of Civil Rights, Atlanta, Ga., for plaintiffs-appellants.

T. A. Hutcheson, Sandersville, Ga., Albert P. Reichert, Macon, Ga., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

 This matter involving the public schools of Washington County, Georgia, is before us for the third time.[1] Our previous opinions are reported at 421 F.2d 632 (5 Cir., 1969) and 425 F.2d 219 (5 Cir., 1970). The history and background of this case is found in these opinions. In each instance we reversed and remanded the case with directions that the District Court proceed promptly to consider the issues before it and to decide the case consistent with Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29 (1969).

 The plan adopted by the District Court on the most recent remand is unsatisfactoy and does not comply with our mandate. Under the District Court's order, desegregation of Washington County schools will be accomplished by closing the all-black Davisboro School and by sending the students from Davisboro to the present predominantly white schools, namely, Sandersville Elementary or Tennille Elementary. All vacancies in Sandersville Elementary, Tennille Elementary and Washington County High School would be filled to the respective capacity of these schools with black students, provided black students would not exceed 51 per cent of the enrollment in any of the schools. White students would be permitted, if they desired to continue to attend Sandersville Elementary, Tennille Elementary and Washington County High School.

In our view better methods are available to achieve desegregation of this county school. The judgment of the District Court must, therefore, be reversed. The District Court is directed to enter an order to achieve desegregation of Washington County, Georgia, schools as follows:

1) The School Board shall have the option either to close or zone the isolated Davisboro Academy.

2) The two high schools at Sandersville, namely, T. J. Elder High (black) and Washington County High, being in reasonable proximity to each other, shall be paired or zoned.

3) The two elementary schools at Tennille, namely, D. D. Crawford (black) and Tennille Elementary, being in reasonable proximity to each other, shall be paired or zoned.

4) The two elementary schools at Sandersville, namely, T. J. Elder Elementary (black) and Sandersville Elementary, being in reasonable proximity to each other, shall be paired or zoned.

5) If the Board chooses zoning in any instance above set forth, the attendance zones shall be strictly enforced without variance.

Appellants' request for the allowance of attoney's fees is denied.

This mandate shall issue forthwith and no stay will be granted pending petition for rehearing or for a writ of certiorari.

Reversed and remanded.

1. Under the stringent requirements of Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969), which this Court has carried out in United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852, and of Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970), implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir., 1970, 419 F.2d 1211, this Court has judicially determined that the ordinary procedures for appellate review in school desegregation cases have to be suitably adopted to assure that each system whose case is before us "begin immediately to operate as unitary school systems." Upon consideration of the parties' memoranda and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.