Carolyn BRADLEY et al.

v.

**SCHOOL BOARD OF the CITY OF RICHMOND, VIRGINIA, et al.**

Civ. A. No. 3353.

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 5, 1970.

M. Ralph Page, James R. Olphin, Richmond, Va., Jack Greenberg, James M. Nabrit, III, Norman J. Chachkin, New York City, Louis R. Lucas, Memphis, Tenn., for plaintiffs.

George B. Little, William L. Wimbish, Conard B. Mattox, Jr., Richmond, Va., for defendants.

Everette G. Allen, Jr., Richmond, Va., for intervenors Bellevue-Grinter Area Civic Assn., Robert Douglas Bain, and Sherwood Park Civic Assn.

Frederick T. Gray, Walter E. Rogers, Richmond, Va., for intervenors Noel Austin and others.

John S. Battle, Jr., William H. King, Jr., Richmond, Va., for intervenors Westover Hills Parent-Teacher Assn.

Andrew P. Miller, Atty. Gen., of Va., Richmond, Va., appearing specially.

R. D. McIlwaine, III, Richmond, Va., for Henrico County Bd. of Supervisors & School Board for County of Henrico, appearing specially.

Frederick T. Gray, Richmond, Va., for Chesterfield County Bd. of Supervisors, appearing specially.

## MEMORANDUM

MERHIGE, District Judge.

Defendants, members of the School Board of the City of Richmond in this school desegregation case, have moved the Court for an order requiring the joinder of additional parties defendant; plaintiffs in open court advised the Court of their intention to file a supplemental complaint asking for what they described as "full relief" stating that the evidence adduced so far, according to their interpretation, shows that desegregation of schools in the metropolitan area of Richmond would be both feasible, reasonable and effective in order to maintain, now and hereafter, a unitary school system.

The proposed additional parties defendant are members of the Virginia State Board of Education, the State Superintendent of Public Instruction, and the members of the respective school boards and boards of supervisors of the two adjoining counties to the City of Richmond, that is, Henrico and Chesterfield.

The motion papers allege that the parties sought to be added are necessary to the achievement of the full relief which the plaintiffs ask and therefore must be joined under Federal Rules of Civil Procedure, Rule 19, 28 U.S.C.

While the Court is and was cognizant that it is the more usual practice to hear and determine such motions *ex parte*, leave was granted to the proposed defendants to present their views prior to decision. See 3A Moore's Federal Practice ¶ 21.05(1), at 21–25 (2d ed. 1970).

Counsel for certain of the proposed defendants appeared before the Court, made oral argument, and requested leave to file a memorandum in support of their opposition to the pending motion. The Court is now in receipt of a joint memorandum filed by all of the proposed new defendants, save the Chesterfield County School Board. The other current defendants, members of the Richmond City Council, have interposed no objection to the defendant school board's motion.

The moving parties, joined by the plaintiffs, contend that Rule 19 of the Federal Rules of Civil Procedure leaves no discretion to the Court. On the other hand, the proposed additional defendants who have seen fit to file a memorandum contend that Rule 19 gives the Court discretion in the matter to determine what they describe as a "threshold issue" as to whether a party's presence is

needed before complete relief may be accorded to the parties.

The Court is in accord with portions of both the movants' argument as well as the proposed defendants' position. There is, of course, a certain amount of discretion left to the Court, but it must be remembered that because the matter is left to the discretion of the Court, it does not mean that the Court is free to do exactly what it chooses, to indulge in sympathies or to invent some new equitable doctrine between the parties. It means that discretion is to be exercised upon judicial grounds and in accordance with the principles that have been recognized * * *. See 2 R. Pound, Jurisprudence, 360.

The matter, therefore, must be approached by the Court from the point of view of judicial discretion. Decisions on the issue as to whether certain parties are necessary in order to achieve complete relief between present parties are by nature made on a hypothetical basis. For a court to wait until all the evidence is adduced to determine the need for joinder of additional parties would create a risk of unjustifiable delay in the resolution of a controversy and a waste of the efforts of all involved. See, e. g., Federal Resources Corp. v. Shoni Uranium, 408 F.2d 875 (10th Cir. 1969); Stevens v. Loomis, 334 F.2d 775 (1st Cir. 1964).

It would appear, therefore, that absent parties should be joined if it is probable that the relief sought cannot be achieved, or can be achieved only partially or conditionally, without them. Judicial discretion would likewise require that they be joined if it is possible that a decree against current defendants could unduly prejudice them, as it well might if the burden and expense of affording the relief sought should, in law, be shared with others.

The relief demanded herein is the provision of a public school system for Richmond which is unitary and non-racial, one from which all vestiges of racial segregation are removed. It is this demand by which the necessity of joining additional parties is to be gauged. Cf. Harman v. Forssenius, 380 U.S. 528, 537–538, n. 14, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965).

The proposed additional defendants object first, that no necessity exists for joining further parties because this Court concluded in its opinion of August 17, 1970, Bradley v. School Board of the City of Richmond, 317 F.Supp. 555 (E.D. Va.1970), that it was possible to create a unitary school system within the existing school division of the City of Richmond. It must be borne in mind, however, that that finding was made in the context of litigation between Richmond residents and Richmond officials alone. It is by no means inconsistent with the existence of a duty on the part of officials with broader powers to exercise such powers to afford different or additional relief from what the Court has found to be state imposed segregation. The addition of further parties, moreover, alters the range of alternatives, some of which may be shown as feasible and more promising in their effectiveness. Green v. County School Board of New Kent County, 391 U.S. 430, 439, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968). It is with an eye to this range of choices between means to provide desegregated schools that the legal sufficiency of a proposed unitary plan is to be tested.

Furthermore, the allegations of the joinder motion concern, in part, events subsequent to the Court's opinion of August 17, 1970, which, so it is contended by movants, will frustrate any effort to create a unitary school system involving only the residents and facilities of the City of Richmond.

No evidence has been taken to support these claims, of course, but on their face they amount to a contention that those who may not, either at the commencement of this action or at the time of the motion for further relief or at the time of the Court's opinion of August 17,

142

1970, have been necessary parties, now have become such.

■ It has been established that in school desegregation litigation it is the duty and obligation of the district court, and described by appellate courts as a continuing duty, to supervise the desegregation process to insure its effectiveness. See Brown v. Board of Education of Topeka, 349 U.S. 294, 301, 75 S.Ct. 753, 99 L.Ed. 1083 (1955); Green v. County School Board of New Kent County, *supra*; Kemp v. Beasley, 423 F.2d 851, 858 (8th Cir. 1970), opinion by now Mr. Justice Blackmun. Quite possibly this cannot be achieved without the efforts of individuals not now before the Court.

■ The Federal Rules of Civil Procedure dealing with joinder generally speaking are not finely drawn. They derive from common law rules leavened by equity. The term "necessary parties", if understood to imply that the litigation cannot proceed without such parties, is, in the Court's opinion, misleading. As Professor Wright has stated, "rather it means 'desirable parties' as distinguished from indispensible parties on the one hand and from proper parties on the other hand. * * * While it is not essential that necessary parties be before the court, it is often desirable to bring them in to dispose effectively of the claims of all parties and interests in one proceeding. The rule leaves no discretion on the matter, but requires the joinder of necessary parties where jurisdiction of them can be obtained and where their joinder will not defeat federal jurisdiction of the case." 2 W. Barron and A. Holtzoff, Federal Practice and Procedure, § 511, at 86–88 (C. Wright ed. 1961) (Footnotes omitted).

The 1966 amendment to the rule did not alter the applicable principles. 3A Moore's Federal Practice ¶ 1901–1[7], at 2125 (2d ed. 1970); 2 W. Barron and A. Holtzoff, Federal Practice and Procedure, § 512, at 22 (C. Wright ed., Supp. 1969).

■ There are two sources of official power recognized by the Constitution: the federal and state governments. That a state's form of government may delegate the powers of daily administration over public schools to officials with less than statewide jurisdiction does not dispel the obligation of those who have broader control to use the authority they have consistently with the Constitution. In a state where the law formerly compelled racial segregation, this duty includes that of taking affirmative steps to dismantle the dual system. Godwin v. Johnston County Board of Education, 301 F.Supp. 1339 (E.D.N.C.1969); Lee v. Macon County Board of Education, 231 F.Supp. 743, 756 (1964). In such instances the constitutional obligation toward the individual school children is a shared one.

■ To be sure, state officials may only be directed, in fulfillment of this duty, to use those powers granted to them by state law. For this reason the relief which may be demanded of state, as opposed to local, officials is restricted. Smith v. North Carolina State Board of Education, Misc. No. 674 (4th Cir., July 31, 1970). By the same token there will be certain relief which local officials are incapable of affording. Cf. Thaxton v. Vaughan, 321 F.2d 474 (4th Cir. 1963). In each case, however, the obligation is commensurate with the scope of the power conferred by state law.

■ The state officials here sought to be joined, the State Board of Education and the Superintendent of Public Instruction, clearly have substantial administrative powers over the Virginia educational system. The defendant School Board of the City of Richmond suggests in particular the authority of the state board to consolidate existing school divisions, Va.Code § 22–30 (1969 Repl. Vol.), In such instances the consolidated division is administered either by a superintendent elected jointly by the school boards of the city and county in-

volved, Va.Code § 22–34 (1969 Repl. Vol.), or by a superintendent chosen by a division school board, if that form of administration be chosen by the school boards and governing bodies of the city and county, Va.Code § 22–100.1 et seq. (1969 Repl. Vol.). In the possible event that a consolidated school system be found an appropriate and required form of relief from state-imposed segregation, it is clear that the participation of the school boards and governing units of the divisions sought to be consolidated would be required in order to institute a completely unitary system. County school boards have broad powers and duties, Va. Code § 22–72 (1969 Repl. Vol.), and the governing units may be necessary parties for the same reasons that impelled this Court to order the joinder of the members of the City Council of the City of Richmond.

The Court must also consider that the joinder of the state and county officials may well serve the interests of judicial efficiency in preventing duplicative litigation, will afford the original defendants, one hopes in the interest of a minimum of litigation, a more durable adjudication of the extent of their legal duty, and will create a greater opportunity to afford the plaintiffs the relief they ask and contend they are entitled to.

Of course, to order the joinder alone of further parties implies nothing as to either the merits of the plaintiffs' claim against them or as to any steps the additional defendants may or may not have to take. This is a matter for the future. At this point, without facts found in proceedings in which these statewide and county officials took part, it cannot be said that their participation will not be required in order to achieve relief to which the Bradley plaintiffs may be entitled.

One possible form of remedy in the cases has resulted in the consolidation of school districts. Haney v. County Board of Education of Sevier County, 410 F.2d 920 (8th Cir. 1969). The Chief Justice of the United States has himself remarked that it is an open question as to what circumstances "school districts and zones may or must be altered as a constitutional matter," Northcross v. Board of Education of the Memphis, Tennessee, City Schools, 397 U.S. 232, 237, 90 S.Ct. 891, 893, 25 L.Ed.2d 246 (1970). At this stage, given the relief sought, the uncontested claim that such relief cannot now be provided by officials enjoying powers limited to the City of Richmond, and the likelihood that a denial of the motion will lead only to repetitive litigation and delay in the provision of whatever relief, if any, the additional parties owe, the Court can only conclude that to withhold joinder would amount to an abuse of judicial discretion.

Certain of the additional parties have a direct affirmative obligation toward the Bradley plaintiffs, and others of them might well be necessary in order that the first can fulfill that obligation; the question remains whether in fact that obligation has been fulfilled. On that point the position of the instant plaintiffs is not clear. They demand a unitary school system. However, whether it is their contention that this may or must be achieved by the formation of a consolidated school division or by other means beyond the power of the present defendants does not appear with clarity from the pleadings. The measure of the effort which may be required of those sought to be joined may depend upon both the extent to which the actions, if any, of these persons or their predecessors have contributed to the existing situation, and also the reasonableness of the remedial steps which are available. With the case in this posture it would appear improper to direct the joinder of additional parties and simultaneously command them to answer to the pleadings as they now stand.

Accordingly, the Court shall order the joinder of the additional parties and order the plaintiffs to file within nine days an amended complaint wherein they set

forth both those alleged facts which they contend give rise to an obligation on the part of those joined to take steps to achieve a unitary school system for the class they represent, and also the particular relief demanded.

An order consistent with this memorandum will be this day issued.

### ORDER

DIRECTING JOINDER OF PARTIES NEEDED FOR A JUST ADJUDICATION AND PROVIDING FOR FURTHER PLEADINGS

For the reasons stated in the memorandum of the Court this day filed, it is ordered that:

1. Waldo G. Miles, Mrs. Catherine Hook, Dr. Harold Ramsey, Hilary H. Jones, Jr., Thomas C. Boushall, Dr. Robert E. R. Huntley and Preston C. Caruthers, as members of the State Board of Education; Dr. Woodrow W. Wilkerson, as State Superintendent of Public Instruction; S. Cecil Childress, Oliver J. Sands, Jr., Mrs. John L. Deusebio, Cecil F. Jones, Rev. Walter C. Whitt and Mrs. W. B. McMullin, as members of the School Board of Henrico County, Virginia; Linwood E. Toombs, L. R. Shadwell, Edwin H. Ragsdale, Anthony P. Mehfoud and C. Kemper Lorraine, as members of the Board of Supervisors of the County of Henrico, Virginia; G. L. Crump, C. C. Wells, R. P. Eagles, J. W. Russell, C. D. Spencer and C. E. Curtis, Jr., as members of the School Board of the County of Chesterfield, Virginia; Irving G. Horner, H. O. Browning, C. J. Purdy, F. F. Dietsch, A. R. Martin and J. Ruffin Apperson, as members of the Board of Supervisors of Chesterfield County, Virginia, be, and they hereby are, joined as party defendants in this cause.

2. Leave is granted to the named plaintiffs, Bradley, et al., to file by Monday, December 14, 1970, at 12:00 noon, an amended complaint wherein they set forth such facts as they contend give rise to an obligation on the part of those joined by this order to take steps to achieve a unitary school system for the class represented by them and also the particular relief that they seek from the added parties.

3. The times for the presentation of appropriate response and objections to the amended complaint by the parties added by this order, as well as all other defendants, shall be those prescribed by Fed.Rules Civ.Proc., Rule 12, 28 U.S.C.

4. The United States Marshal is directed forthwith to serve copies of the memorandum and this order upon the added parties listed in paragraph 1 of this order at the addresses listed in the appendix to the memorandum filed on November 4, 1970.

Let the Clerk send a copy of this order to counsel of record and to counsel who have appeared specially for the defendants hereby added.

Service of copies of the amended complaint, when filed, shall be made by the United States Marshal upon the added parties listed in paragraph 1 of this order.